FRANCES E. MILLER, ADMINISTRATRIX, APPELLANT, vs. JOHN J. WHITE, RESPONDENT.

1. While a suit in replevin is pending, in which the property in controversy has been delivered to the plaintiff by the sheriff, in pursuance of the statute, an action by the defendant against the plaintiff in the replevin suit cannot be maintained to recover the value of the property. During the pendency of the replevin suit, the property is actually or constructively in the custody of the law; the remedy must be had by action against the plaintiff in replevin, or upon the bond, after judgment in favor of defendant upon a trial or dismissal of the suit.

2. While such replevin suit is pending, the plaintiff, or his representatives, filed a bill in chancery against the defendant, and another for the purpose of annulling the contract of sale, under which the defendant in the replevin suit became possessed of the property, and to stay proceedings in the replevin suit. This suit in chancery remained at issue for several years, neither party bringing it to trial or hearing, and meantime the plaintiff and complainants died. *Held*, That these circumstances afforded no ground for a suit in equity by defendant in the replevin suit against the present administrator of the plaintiff solely to recover the value of the property, the two first mentioned suits being undisposed of.

Appeal from the Circuit Court of the First Judicial Circuit for Washington county.

A statement of the case is contained in the opinion of the court.

*J. F. McClellan* for Appellant.

*D. L. McKinnon* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

It is impossible to determine upon what ground the jurisdiction of the court of chancery can be maintained under the bill and answer in this case.

The complainant purchased of one Ashley Miller a negro man called George, valued at eleven hundred dollars, who

had belonged to Robert L. Potter. This Potter was adjudged to be of unsound mind, and a guardian was appointed for him, who commenced a suit in replevin against complainant, and by virtue of the writ of replevin took George from complainant's possession. Pending this suit, R. L. Potter died and W. R. F. Potter and Nathaniel Miller were appointed administrators of his estate. The administrators then commenced a suit in equity against complainant and Ashley Miller, alleging a fraud in the purchase of George from R. L. Potter, and also that Potter was of unsound mind and incapable of contracting, and prayed that the contract of sale be declared void, and that the replevin suit be stayed. This bill was answered upon the merits by the defendants. The present bill charges that the replevin suit was thereupon dismissed, but the defendant denies any knowledge of the dismissal. The suit in equity has not been determined. The administrators of Potter have both died, and this defendant has been appointed administratrix *de bonis non*. The answer alleges that proceedings are in progress to revive and prosecute the suit in equity for the purpose of annulling the contract of sale.

The answer sets up the pendency of these suits among other matters of defence.

Nothing is better settled than that a court of chancery has no jurisdiction where there exists an adequate remedy at law, with very few exceptions of concurrent jurisdiction, of which the present case is not one.

If the replevin suit is yet pending, that may be brought to trial and judgment.

If the replevin suit has been dismissed, the complainant may have his remedy upon the bond.

If the equity suit brought against the complainant and Miller shall be decided against them, and the title of the boy George decreed to have remained in Potter on account of fraud or other cause, that will be decisive of complainant's claims set up in this suit.

Miller v. White.

So far as can be ascertained from the pleadings and proofs in this case, the replevin suit and the suit to annul the contract of sale are yet pending in the courts of this State, affected only by the death of parties, and not by any insurmountable difficulties.

The complainant seeks to recover the value of the boy George, so taken in replevin from him, and upon a trial before a jury a verdict was given in his favor for twenty-one hundred and eighty-six dollars and twenty-five cents, for which sum judgment was rendered, and from which judgment this appeal was taken.

The boy was taken from complainant's possession by due process of law, by the officer of the law, and delivered to the intestate according to law, and while the suit is still pending he is supposed to be held upon the process of the law; and it cannot be allowed that the defendant in replevin may, while such facts exist, turn round and sue the plaintiff in the replevin suit and recover the value of the property, the title to which is involved in the first suit.

Chancery abhors a multiplicity of suits, and to maintain this bill would be to encourage and multiply litigation, and introduce " confusion worse confounded."

The judgment appealed from must be reversed and the cause remanded, with directions to dismiss the bill.