## GATES v. BUCKI.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1893.)

### No. 161.

1. APPEAL—REVIEW—INJUNCTION.
   The question of the jurisdiction of the circuit court in foreclosure proceedings cannot be considered in the circuit court of appeals, where the only decision given and order made below was on an application for an injunction to restrain proceedings in the state court concerning the same subject-matter, as in such a case the foreclosure is still pending in the circuit court.

2. APPEAL—JURISDICTIONAL QUESTION—FINAL JUDGMENT.
   When a plea to the jurisdiction of the circuit court has been overruled, the case must proceed to final decree upon the merits before any appeal can be taken on the jurisdictional question, appellant then having the right to go to the supreme court on the question of jurisdiction, or to bring its entire case before the circuit court of appeals. McLish v. Roff, 12 Sup. Ct. Rep. 118, 141 U. S. 661, followed.

3. FEDERAL COURTS — JURISDICTION — FORECLOSURE — LANDS IN CUSTODY OF STATE COURT.
   Where an attachment is levied on realty in a suit in the state court, and proceedings in equity to cancel an alleged fraudulent conveyance of the attached property are also instituted therein, the United States circuit court cannot acquire jurisdiction as to the land for the time being, so as to enable it to enjoin the litigants in the state court from proceeding therein, at the instance of a party to such equitable suit, who has filed a bill in the federal court to foreclose a mortgage upon the land in question.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

In Equity. Suit by Charles L. Bucki against Victor Meyer and others to foreclose a mortgage upon realty, to which Ferdinand Gates was made a party defendant by amendment of the bill averring that he claimed a lien upon the mortgaged realty by an attachment thereof in proceedings by him in the state court. Thereafter an interlocutory injunction was granted by the circuit court restraining said Gates from applying to the state court for an injunction against the prosecution of the foreclosure suit by complainant. Defendant Gates appeals. Reversed.

Statement by SHIRAS, District Judge:

On the 15th day of June, 1889, Victor Meyer and Evelyn K. Meyer, residents of the city of New Orleans, La., executed a deed of conveyance of certain realty situated in Jefferson county, Ark., known as the "Corinne Place," to the Farmers' Land & Loan Company, a corporation created under the laws of the state of Louisiana, for the expressed consideration of $40,000, of which amount $24,000 were to be paid in certificates of the capital stock of said corporation, and for the remaining $16,000 the said corporation was to issue coupon bonds for $1,000 each, payable to bearer, and coming due July 1, 1909, and to secure the payment of the bonds, principal and interest, the said Victor Meyer reserved in the deed a vendor's lien upon the property conveyed, and the Farmers' Land & Loan Company also signed said conveyance, thereby making the same, on its behalf, a mortgage to secure the payment of the bonds representing the $16,000 of the purchase price. This instrument was filed for record in the proper office of Jefferson county, Ark., on the 29th of March, 1890. On the 25th of December, 1890, Ferdinand Gates brought an action at law in the circuit court of Jefferson county, Ark., against Victor Meyer and Adolph Meyer, partners under the firm name of V. & A. Meyer & Co., to recover the sum of $10,000, and caused a writ of attachment to be

issued against said defendants as nonresidents of the state, the same being levied on the realty known as the "Corinne Place." In this action, in due time, the plaintiff obtained judgment against the attached property, constructive service of the pendency of the action having been given to the defendants therein, in accordance with the provisions of the statutes of Arkansas.

On the 6th of January, 1891, Gates instituted a suit in equity in the circuit court of Jefferson county against Victor Meyer, Adolph Meyer, and the Farmers' Land & Loan Company, setting forth the fact of the issuance and service of the writ of attachment in the law action, the rendition of the judgment therein, and further averring that the conveyance of the realty by Victor Meyer to the Farmers' Land & Loan Company, as above stated, was a fraud, and void as against said Ferdinand Gates as a creditor of said Victor Meyer, and praying that the same might be set aside and canceled. Upon an application made when the bill in equity was filed, to wit, on January 6, 1891, Gabe Meyer was appointed by the circuit court of Jefferson county receiver in said suit, with authority to take charge of the property involved in the proceedings, to collect the rents coming therefrom, and otherwise care for the same, and, constructive service being made upon the nonresident defendants, the complainant proceeded to take testimony by depositions in support of the allegations of his bill. On the 16th day of February, 1892, Charles L. Bucki filed a bill in equity in the United States circuit court for the eastern district of Arkansas against the Farmers' Land & Loan Company and Victor Meyer and Evelyn K. Meyer, wherein it was averred that the complainant was a citizen of the state of New York, the defendants being citizens of the state of Louisiana, and that complainant was the owner of the 16 coupon bonds issued by the Farmers' Land & Loan Company in part payment for the purchase of the Corinne place, and which were secured by the mortgage included in the provisions of the joint instrument executed by Victor Meyer and wife and the Farmers' Land & Loan Company under date of June 15, 1889; and that through the failure to pay the interest coupons the whole debt had been declared to be due in pursuance to provisions to that effect contained in the mortgage given to secure payment of the bonds, wherefore a foreclosure of the vendor's and mortgage lien on said realty was prayed in due form.

On the 16th of February, 1892, the United States circuit court, upon the showing that the suit was for the foreclosure of a mortgage upon realty situated within the district, and that the defendants were nonresidents, upon whom personal service could not be made within the state of Arkansas, made an order for substituted service, copies of which were duly served upon the named defendants in the city of New Orleans, La., on the 23d of February, 1892. On the 25th of February, 1892, the complainant filed an amendment to his bill, making Ferdinand Gates a defendant, averring that said Gates claimed a lien upon the mortgaged realty by reason of the attachment proceedings in the state court, but averring also that the lien, if any existed, was inferior to that of the mortgage.

On the 16th of June, 1892, Ferdinand Gates appeared in the federal court and filed a plea questioning the jurisdiction of that court over the bill for the foreclosure of the mortgage on two grounds. In the first division of the plea was recited the bringing the attachment proceedings and the suit in equity in the Jefferson county circuit court, together with the order appointing a receiver, with the further averment that, upon learning that Charles L. Bucki claimed to be the owner of the bonds secured by the mortgage, he, the said Gates, had amended his bill in the state court, making Bucki and Evelyn K. Meyer defendants thereto, and praying that they be restrained from foreclosing the said mortgage in the suit in the federal court, and that a restraining order to that effect would be pressed to a hearing. In the second division of the plea it was averred that none of the defendants in the foreclosure proceedings were residents of the state of Arkansas, and therefore the court was without jurisdiction to grant a decree of foreclosure.

Upon the filing of the plea to the jurisdiction by said Gates, the complainant in the foreclosure proceedings filed the following paper in said suit: "The complainant respectfully represents to this court that, being the owner and holder of certain negotiable promissory notes executed by the said defendant, and having acquired the same for a valuable consideration, before maturity,

in due course of business, and without notice of any defense thereto, he, on the 13th day of February, 1892, instituted suit in this court for the foreclosure of the mortgage executed by the said defendant for the security of said notes, said mortgage conveying the plantation in Jefferson county, in this district, known as the 'Haskell Place.' Prior to the institution of said suit, it now appears that the defendant, Ferdinand Gates, had brought suit by attachment in the Jefferson circuit court against one Victor Meyer and one Adolph Meyer, claiming that said plantation is the property of said Victor and Adolph Meyer. In said suit the complainant was not made a party defendant, and, as he was the holder of negotiable paper, purchased before its maturity, and which did not mature until the institution of the suit by the complainant in this court, yet, nevertheless, the said Ferdinand Gates has, by an amendment to his complaint, made long after the institution of this suit, endeavored to bring the complainant in as a defendant in the said suit by him instituted, and to restrain the complainant from proceeding with this suit, all of which, as the complainant submits, is a high contempt of the jurisdiction of this court, and the complainant therefore prays for a rule upon the said Ferdinand Gates and Morris M. Cohn, his attorney, to show cause why they should not be punished for the said contempt, and for an injunction restraining the said Gates from the further prosecution of said suit as against the complainant."

On the 17th of June, 1892, this application for an injunction was heard, and the following order was made and entered of record: "Now, on this day comes on to be heard the application of the complainant for an injunction to restrain the defendant, Ferdinand Gates, from applying to the circuit court of Jefferson county for an order enjoining the complainant and his solicitors from the further prosecution of this suit; and comes the complainant, by U. M. & G. B. Rose, Esqs., his solicitors, and also the defendant, Gates, by Morris M. Cohn, Esq., his solicitor, and the cause is submitted to the court on the bill of complaint and the amendments thereto, and on the pleas of the said Ferdinand Gates; and, the court being sufficiently advised in the premises, it is considered and decreed that the said Gates, his attorneys and solicitors, be forever enjoined from applying from the said circuit court of Jefferson county for an injunction restraining the plaintiff and his solicitors from the prosecution of this suit. To this ruling and decision the said defendant, Gates, excepted at the time, and here in open court prays an appeal to the circuit court of appeals, which is granted; and the court doth order that the appellant, Ferdinand Gates, do execute and file a cost bond herein, pursuant to the rules of the circuit court of appeals, in the penal sum of two hundred and fifty dollars, to answer all costs if he shall fail to sustain said appeal."

From this order an appeal was perfected to this court, the errors assigned being the following: "(1) The court below had no jurisdiction of the cause, because neither the complainant nor any of the defendants were residents or inhabitants of the district at the time this suit was instituted. (2) The court below had no, and could exercise no, jurisdiction over the res, inasmuch as that was in the custody of a receiver of the state court in the suit of Gates. (3) That, in any event, the presence of the said receiver as a party defendant in this cause was indispensable, and, failing, the court below had no jurisdiction of the cause. (4) That a restraining order from the state court was appropriate under the circumstances, since here was an attempted clouding of the title sought to be cleared in the state court, in a matter whereof that court had first obtained jurisdiction."

Morris M. Cohn, for appellant.

U. M. Rose and George B. Rose, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge, (after stating the facts.) By the first error assigned it is intended to present the jurisdictional question, whether, under the provisions of the act of congress of August 13, 1888, read in connection with section 8 of the act of March 3, 1875,

a suit to foreclose a mortgage on realty can be brought in the federal court of the district wherein the land is situated, if neither party to the suit is a resident of that district, but if they are in fact citizens of different states. As we construe the record submitted to us, this question is not involved in the present appeal, and cannot be considered by this court. By the second division or count of the plea filed by appellant in the circuit court this question of jurisdiction was made an issue in the case, but it does not appear that it has yet been passed upon by that court. The record shows that on the 16th of June, 1892, the appellant, Gates, filed a plea in the case, presenting questions of jurisdiction and practice, and on the same day the appellee, Bucki, filed an application for an injunction restraining Gates from further prosecuting the suit in the Jefferson county circuit court as against him. The record further recites, under date of June 17, 1892, that "now, on this day comes on to be heard the application of the complainant for an injunction to restrain the defendant, Ferdinand Gates, from applying to the circuit court of Jefferson county for an order enjoining the complainant and his solicitors from the further prosecution of this suit, * * * and the cause is submitted to the court on the bill of complaint and the amendments thereto, and on the pleas of the said Ferdinand Gates, and, the court being sufficiently advised in the premises, it is considered and decreed that the said Gates, his attorneys and solicitors, be forever enjoined from applying to the said circuit court of Jefferson county for an injunction restraining the plaintiff and his solicitors from the prosecution of this suit."

From this recital it would appear that the only matter submitted to the circuit court was the application for the writ of injunction, yet, if the statement that the cause was submitted to the court on the bill and the pleas thereto is to be construed to mean that the entire cause was submitted, it certainly does not appear that the circuit court has as yet passed upon the jurisdictional questions presented by the pleas filed by the defendant, Gates. The only decision given and order made is that Gates is enjoined from applying to the circuit court of Jefferson county for an injunction restraining the plaintiff, Bucki, from the prosecution of the suit in the federal court. The effect of the order was to leave Bucki free to prosecute the foreclosure proceedings without hinderance, but no progress was made in these proceedings, nor did the circuit court take any action therein. There can be no doubt that the foreclosure suit is still pending in the circuit court, and that no appealable order or decree has been rendered therein, save the order allowing the writ of injunction.

When the circuit court passes upon the jurisdictional questions presented by the pleas filed by the defendant, Gates, for aught we know the ruling may be in his favor. If the bill should be dismissed for want of jurisdiction, then the appeal would be to the supreme court, and not to this court. If the plea to the jurisdiction should be overruled, then the case must proceed to a final decree on the merits before any appeal could be taken on the jurisdictional ques-

tion, it being then open to the defendant, Gates, to go to the supreme court on the single question of jurisdiction, or to bring the entire case before this court. McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. Rep. 118.

The only question brought before this court by the appeal taken in the case is as to the propriety of the granting of the writ of injunction that was ordered on the 17th of June, 1892, in respect to which interlocutory order an appeal was permissible under the provisions of section 7 of the act of March 3, 1891, creating this court. In support of the position of appellant that it was error to grant the writ, it is contended, in the first instance, that the record on which the application for the issuance of the writ was based shows upon its face the fact of the pendency of the prior proceedings brought in the state court attacking the validity of the mortgage sought to be foreclosed, and therefore the United States court should have declined to take jurisdiction of the foreclosure suit. On part of the appellee it is contended that the pendency of an action in the state court, even if between the same parties, and for the like purpose, is not cause for abating an action in the federal court, because the courts are created by different sovereignties. That this is the general rule in regard to actions pending in courts of different jurisdictions is well settled. Stanton v. Embry, 93 U. S. 548; Gordon v. Gilfoil, 99 U. S. 168. When the jurisdiction of the courts, in cases between the same parties, involving the same issues and seeking identical remedies, is dependent upon personal service of the original process upon the defendant, had within the limits of the territorial jurisdiction of the courts, then it is possible to proceed with each case without bringing about an unseemly conflict of jurisdiction. In some cases each court can proceed to final judgment without conflict. In others the first judgment rendered may be available to the prevailing party as a plea in bar to the action still pending.

When, however, the proceedings are in rem, or are of that kind wherein jurisdiction is based solely upon the possession or control of property, and in which the final judgment of the court can only be enforced against the property taken into the possession or under the control of the court, then a different rule applies. When, by the issuance and levy of process, or the filing of a bill in equity, property, either real or personal, is brought in custodia legis, the control and jurisdiction over the same is exclusively with the court which thus acquires legal possession thereof. To sustain the jurisdiction created by the seizure of the property, the possession and right of control must be continued, not only until final judgment is pronounced, but in some cases until that judgment is satisfied. If it was permitted to one court to seize upon or subject to its jurisdiction property already within the custody of another court, it could in this way terminate the jurisdiction of the other court, but in turn it would be subject to the same liability, and by such a system of capture and recapture both courts might be disabled from reaching a final judgment, or from enforcing it against the property in dispute. Hence the rule is well settled that, so long as property

is in the custody of one court, it cannot be reached or be taken away by process from another court, created by a different sovereignty. Peck v. Jenness, 7 How. 612; Taylor v. Carryl, 20 How. 583; Freeman v. Howe, 24 How. 450; Watson v. Jones, 13 Wall. 679; Stout v. Lye, 103 U. S. 68.

This principle is very clearly stated in Covell v. Heyman, 111 U. S. 176, 182, 4 Sup. Ct. Rep. 355, in which case Mr. Justice Matthews, speaking for the court, said:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and of law, and, therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concerned, and, although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues."

When, therefore, by the levy of process either mesne or final, or by the beginning of proceedings in rem or quasi in rem, property, either real or personal, has been brought within the custody or control of a court of the one system, such property cannot be subjected to the process, nor be brought within the control, of a court of the other system, and the right which the latter court would otherwise have to seize the property or to found jurisdiction on the possession or control thereof is placed in abeyance, and cannot be exercised until the court having the control and custody of the property parts with the same. Buck v. Colbath, 3 Wall. 334. Applying these well-settled rules to the facts of this case, what is the result? It appears on the record that on the 25th of December, 1890, Ferdinand Gates brought in the state court his action at law against Victor and Adolph Meyer, and caused a writ of attachment to be issued and levied on the realty known as the "Corinne Place." On the 6th of January, 1891, having obtained judgment in the action at law, Gates filed in the state court a bill in equity to set aside and cancel the mortgage previously executed upon the attached property by one of the judgment debtors. The proceedings in equity were ancillary to the action at law, and were in fact merely to aid in the enforcement of the lien created by the levy of the attachment.

By the proceedings thus instituted, the state court was charged with the duty and clothed with the jurisdiction to hear and determine the question whether the deed and mortgage executed on the attached realty were or were not valid as against the attaching creditor. It is said in argument that the state court did not acquire jurisdiction over the property in the equity proceedings, because, up to the time of the bringing of the foreclosure suit in the federal court, Charles L. Bucki, who claims to be the sole owner of

the bonds secured by the mortgage, had not been made a party to the suit in equity in the state court. There are several sufficient answers to this. The jurisdiction of the state court is primarily based upon the levy of the attachment in the action at law. It was the levy of process on the property which conferred jurisdiction, and not service of process on persons who might have interests therein. The institution of auxiliary proceedings in equity enabled that court to deal with the property, and to adjudicate all conflicting interests that might be asserted to the property, and which were necessary to be heard and determined in order to enforce the lien of the attachment. To that end the state court had the power to cause all persons who were known to assert claims to the realty to be made parties to that proceeding. When the bill in equity was first filed, the defendants therein were Victor Meyer, the grantor in the alleged fraudulent conveyance, Adolph Meyer, and the Farmers' Land & Loan Company, the grantee in the deed attacked; and subsequently, when it appeared that Evelyn K. Meyer and Charles L. Bucki might be interested in the question of the validity of the deed and mortgage, it was ordered that they be made parties defendant.

The mere fact that before this order was made by the state court Bucki had filed in the federal court a bill of foreclosure did not affect nor defeat the right of the state court to proceed with the cause pending before it, nor with the right to make Bucki a party to that proceeding. It thus appears that when the bill of foreclosure was filed in the federal court by Charles L. Bucki the property included in the deed and mortgage sought to be foreclosed was then in the control and possession of the state court, and was being dealt with in a proceeding in equity, brought expressly for the purpose of determining whether the conveyance under which Bucki claimed a lien upon the property was void as against the attaching creditor. No fact is shown upon the record which in any way impeaches the jurisdiction of the state court over the property affected by the conveyance sought to be avoided, nor over the question of the validity of the conveyance nor over the rights and interests of the parties now or hereafter brought into the case, so far, at least, as such rights are affected by the disposition of the property in dispute. It cannot be questioned that by the levy of the writ of attachment, and the institution of the proceedings in equity to settle the title to the attached property, the jurisdiction of the state court over the realty became of the nature of jurisdiction in rem. Cooper v. Reynolds, 10 Wall. 308; Pennoyer v. Neff, 95 U. S. 714; Mohr v. Manierre, 101 U. S. 417; Heidritter v. Oil-Cloth Co., 112 U. S. 294, 5 Sup. Ct. Rep. 135.

It follows, therefore, that this property, being thus in the custody of the state court in proceedings intended to affect the title and control the disposition of the same, the property was for the time being withdrawn from the jurisdiction of the federal court, and when the foreclosure suit was filed in that court it could not and did not bind or reach the property, because the same was not then within the plane of federal jurisdiction. That the facts dis-

closed in this record bring the case clearly within this rule so often enunciated by the supreme court of the United States, is made apparent beyond cavil if we assume that each court should proceed to judgment in the case pending before it. If in the suit in equity in the state court it should be adjudged that the conveyance of the property to the Farmers' Land & Loan Company was fraudulent and void as against the attaching creditor, and the attached property should be sold under judicial process, a title would then accrue to the purchaser at that sale.

If in the suit in the United States circuit court a decree of foreclosure should be granted, and a sale should be had, and a deed in pursuance thereof be made, another title to the property would be created, in form at least, and thus a conflict of right and title would be created. These antagonistic titles could not both be valid. One must be paramount and superior to the other in the sense that it would convey the property and settle the ownership thereof; and the other title would be without validity, being wholly nugatory and void. The test of superiority would be the question of jurisdiction over the property. Both cases are in the nature of proceedings in rem, and jurisdiction is dependent upon the fact of control over the property; and under the facts disclosed on the record before us it is entirely clear that the res is in the possession, and therefore within the jurisdiction of the state court, and, of necessity, is without the jurisdiction of the federal court. We do not hold that the bill for the foreclosure of the mortgage might not be filed in the federal court during the pendency of the proceedings in the state court. The latter do not contemplate the foreclosure of the mortgage, even if the state court should sustain the validity thereof, and should set aside the attachment levy. No good reason is now perceived why it was not open to Bucki to file the bill in question, as it might, under some circumstances, be necessary to do so in order to prevent the running of the statute of limitations. When, however, the bill was filed, it did not affect the property then in custodia legis by reason of the proceedings already pending in the state court, and therefore the federal court could not rightfully interfere with the case pending in the state court. The right of the federal court to proceed against the mortgaged property under the bill of foreclosure is in abeyance so long as the state court has the custody of the property, but when such custody ceases by act of the state court, and the property ceases to be in custodia legis, then the jurisdiction of the federal court may attach, and the foreclosure suit may be proceeded with. If the judgment of the state court sustains the validity of the mortgage, then its judgment will be in aid of, rather than a bar to, the foreclosure proceedings; but, if its judgment is against the validity of the mortgage, then the same may be made a bar to the foreclosure suit. This, however, is not a question that we are necessarily called upon to decide finally at the present time. Assuming that the bill for foreclosure was properly filed in the United States court, the question is whether the writ of injunction was rightfully granted under the facts appearing on the record at the time the same was granted. The application for the issuance of the

writ prayed "for an injunction restraining the said Gates from the further prosecution of said suit as against the complainant;" that is, an injunction was asked to restrain Gates from making Bucki a party to the suit in the state court, brought to determine the validity of the mortgage. It has been already shown that the state court has exclusive jurisdiction of the realty and of the proceedings to determine the validity of the mortgage, and that court had the right to cause to be made parties to that suit all persons interested in or asserting claims to the property under the mortgage executed by Victor Meyer. It was not for the United States circuit court to dictate to the state court as to who should or who should not be made a party to the proceedings pending before it, and therefore it was, we presume, that the federal court did not grant a writ to the effect asked for by the applicant. The writ actually granted was to the effect that Gates and his attorneys were forever restrained from applying to the state court for an injunction restraining Bucki from the prosecution of the suit for the foreclosure of the mortgage pending in the federal court. On behalf of the appellee it is argued that the courts of the United States will not suffer state courts to interfere with the exercise of their proper jurisdiction, and will proceed against the party seeking to make such use of the state courts, either by injunction or for contempt; and in support of this doctrine counsel for appellee cite the cases of French v. Hay, 22 Wall. 250, and Dietzsch v. Huidekoper, 103 U. S. 494.

The principle that a court which has rightfully taken jurisdiction over a subject-matter of litigation, and has adjudicated the rights of the parties, is bound to secure to the prevailing party the fruits of the litigation, and to that end, when necessary, by injunction or otherwise, may restrain the other party from attempting to evade or escape the effect of the judgment by bringing proceedings in other courts, according to the ruling of the supreme court of the United States in the cases last cited, and subject to the limitations therein contained, is, in its application, not confined to courts of the United States, but embraces also the courts of the several states. It is just as much the duty and the right and within the power of the state courts to secure to litigants therein the full benefit of the judgments therein pronounced as it is in like circumstances the duty of the federal court to extend protection to litigants within its jurisdiction. Upon the face of the record in this case it appears that the state court has jurisdiction in the suit brought to determine the validity or invalidity of the conveyance of the realty from Meyer to the Farmers' Land & Loan Company, and to that suit Bucki is made a party, and the way is open to him to appear in that suit, and to contest the claim of Gates that the conveyance is void as against him. If, upon such appearance and contest, it is decided that the conveyance is valid, then Bucki can proceed with the foreclosure suit in the federal court, and the decree of the state court will estop Gates from asserting in the federal court that the mortgage is void. On the other hand, if it is adjudged in the state court that the conveyance is invalid, then such decree will bar the right of Bucki to proceed with the foreclosure proceedings. In that event Gates will

have the right to enforce his lien by attachment, merged into the judgment, by a sale of the realty free and clear from the incumbrance attempted to be created by the conveyance to the Farmers' Land & Loan Company, and it will be the duty of the state court to enforce and protect his rights in this particular. If Bucki does not appear in the equity proceedings pending in the state court, still that court, having possession of the realty, has the right to deal with the property, and can, so far as it is concerned, determine the validity of all claims or liens belonging to the persons made parties to that suit, whether served personally or constructively.

It thus appears that when the foreclosure bill was filed in the court below the realty included in the mortgage was in the custody of the state court, and that court, in the due exercise of its rightful jurisdiction, was proceeding to decide the question of the validity of the conveyance from Meyer to the Farmers' Land & Loan Company, including the mortgage thereby created. What steps should be taken and what process should be issued in connection with the proceedings before it is primarily for that court to determine, and we fail to find in the record before us any ground upon which to base the right to issue the writ of injunction which was in fact granted by the court below. It is not made to appear that the circuit court has now, or at present can obtain, jurisdiction to proceed with the foreclosure suit, as the property, which is the subject-matter of the proceeding, is without the jurisdiction of the federal court. Under these circumstances, the right to decree a foreclosure of the mortgage and a sale of the realty therein described is in abeyance, and cannot be made effectual against property which is not subject to the jurisdiction of the court. The federal court is not, therefore, possessed of any control or jurisdiction over the realty described in the mortgage which authorizes it to enjoin the litigants in the state court from applying to that court for such relief as that court may deem is equitable and necessary. It follows that the order appealed from, granting the writ of injunction in question, must be and is reversed, at cost of appellee.