# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### DEMING v. ORIENT INS. CO.

#### (Circuit Court, N. D. Iowa, E. D.   December 31, 1896.)

COURTS—JURISDICTION—INSURANCE COMPANIES—SUITS IN DIFFERENT STATES.

> The fact that an insurance company, after the adjustment of a loss in Iowa, and the assignment by the insured of his claim for the amount thereof, has been garnished in a suit brought in an Illinois court by a creditor of the insured, does not deprive a federal court in Iowa of jurisdiction of a suit against the company by the assignee of the claim to recover the amount of the loss.

Suit on policy of insurance issued by defendant company upon property of the Ryan Packing Company, tried to the court without a jury.

Henderson, Hurd, Lenehan & Kiesel, for plaintiff.

D. E. Lyon, Wm. H. Barnum, Schuyler & Kramer, and Bates & Harding, for defendant.

SHIRAS, District Judge. By written stipulation, duly filed, it was agreed by the parties to this suit that the case should be tried to the court without a jury, and, the evidence having been submitted, the court has made a finding of facts, the substance of which is as follows:

That on the 7th day of December, 1895, the defendant insurance company issued a policy of insurance to the Ryan Packing Company, a corporation engaged in business at Dubuque, Iowa, for the sum of $2,500, upon the buildings owned and occupied by the company at Dubuque. That on the 27th day of June, 1896, and during the lifetime of said policy, the property insured was destroyed by fire. That due proofs of loss were furnished the company, and thereupon an adjustment of the amount of the loss was had on the 27th day of August, 1896, by which it was ascertained and established that the sum for which the company was liable upon the policy was $2,108.93. That on the 3d day of July, 1896, and after the fire had happened, the Ryan Packing Company and Stephen Douglas Ryan, in writing assigned and transferred to J.

78 F.—1

K. Deming, cashier of the Second National Bank of Dubuque, Iowa, all claim and demands held by the packing company against the defendant company and several other insurance companies upon the policies issued upon the property which had been burned; this assignment being made to secure the payment of a debt due to the said Second National Bank of $40,000; this debt being for money advanced by the bank from time to time to the Ryan Packing Company for use in its business conducted at Dubuque. That when this assignment of the claims arising under the policies was made for the purpose named, the plaintiff had no notice or knowledge of any adverse claims, nor of any equities in favor of the insurance companies or any one else to or against the claims assigned as above stated. That on the 9th day of November, 1896, one Thomas J. Ryan brought an action in the circuit court of Cook county, Ill., against the Ryan Packing Company, Stephen D. Ryan, and Thomas Duffy, claiming damages in the sum of $30,000, and, on the ground that the defendants were nonresidents of the state of Illinois, procured the issuance of a writ of attachment against their property, which was returned as served by garnishing the defendant and other insurance companies, notice being given to the local agents of the companies representing the companies at Chicago, Ill. That on the 23d day of December, 1896, notice of the pendency of said suit having been given by publication in a newspaper, a default was entered against the defendants in the attachment suit, but no assessment of damages was had, nor was a judgment for any sum then awarded. The suit now before this court was filed November 17, 1896, and the defendant company appeared thereto, and in its answer admits the issuance of the policy, the happening of the fire, and the adjustment of the amount due on the policy; but denies that the claim against it had been lawfully assigned for value to the plaintiff, and then sets up the proceedings had, as above stated, in the circuit court of Cook county, Ill., as grounds why this court has not jurisdiction over the subject-matter of the controversy, and as reasons why this court should not entertain the case out of comity to the court of Illinois. The evidence in the case clearly shows that the claim arising under the policy had been legally assigned to plaintiff as security for the debt due to the Second National Bank, and therefore there can be no question that under the provisions of the Code of Iowa (section 2546) the action can be maintained in the name of the assignee. Carter v. Insurance Co., 12 Iowa, 287.

The main contention on part of the defendant is that the service of the notice of garnishment in the case pending in the circuit court of Cook county, Ill., brought within the jurisdiction of that court the debt due from the insurance company upon the policy, in such sense that it deprived all other courts of the right to entertain suits dealing with the question of this indebtedness. In support of this contention it is claimed that in Illinois a chose in action is not assignable, so as to vest the legal title in the assignee, and that by service of a notice of garnishment the property or funds in the hands of the garnishee are appropriated from that time to the payment of all creditors who may, under the laws of the state

of Illinois, make themselves parties to the suit, and participate in its benefits. Reeve v. Smith, 113 Ill. 47; National Bank of America v. Indiana Banking Co., 114 Ill. 483, 2 N. E. 401. Based upon these rulings as to the effect of a garnishment in Illinois, it is then claimed that the subject-matter of the controversy between the plaintiff herein and the insurance company has been taken into the jurisdiction of the circuit court of Cook county, Ill., so that this court cannot obtain jurisdiction in this case; or, if that be not absolutely true, that nevertheless this court should not proceed to judgment in order to avoid a possible conflict between the process of the courts, acting under different sovereignties, under the rule laid down in Gates v. Bucki, 4 C. C. A. 116, 53 Fed. 961; a case decided by the court of appeals for the Eighth circuit. As I understand the rulings of the supreme court of Illinois, they are to the effect that a chose in action is not assignable, so as to cut off defenses that exist against the assignor, but that the assignee stands in the shoes of the assignor, having no greater rights than the assignor in the claim or demand assigned; and, further, that when a notice of garnishment is duly served, the property or funds of the debtor in the hands of the garnishee are from that time appropriated to the payment of creditors who may be entitled to share in the property of the debtor. In the case before the court the question is not as to the effect of an assignment of a chose in action under the law of the state of Illinois, but as to the effect of an assignment of a chose in action made in Iowa, between citizens of Iowa, and of a claim growing out of an Iowa contract, and out of acts happening in Iowa. Under the statute of Iowa the assignee of a chose in action takes it subject to all defenses existing in favor of the debtor, and therefore in this court, as well as in the courts of Illinois, it is open to the defendant insurance company to plead any facts showing that it is not liable upon the policy of insurance.

The company admits that there is due and owing from it upon the policy issued to the Ryan Packing Company the full sum of $2,108.93, and the issue is narrowed down to the question whether the plaintiff is entitled to demand and receive payment of the sum admitted to be due. This issue is not now pending before the court in Illinois, but, as I understand the contention of the defendant, it is claimed that the garnishment process had the effect of bringing the fund within the jurisdiction of the court in Cook county, and therefore this court is debarred from entertaining or proceeding with this suit. There are cases in which the service of garnishment process may have the effect claimed for it in this instance. Thus, if it appeared that the defendant insurance company, when the garnishment was served, had in its possession any property, such as notes, bonds, or the products of the packing house business, placed in its hands by the Ryan Packing Company, it might well be claimed that the service of the garnishment brought this property within the jurisdiction of the Cook county court, so that no other court would permit its process to be levied thereon. In the supposed case it would be the duty of the garnishee to hold the

property in its possession subject to the judgment of the court issuing the process, and that court would have the right to direct the disposition to be made of the property thus held by the garnishee; and this right ought not to be interfered with by process issued from a court created under another sovereignty. When, however, the garnishee has not in possession any property, but simply is indebted upon an obligation existing against it, there is no fund or property which passes into the jurisdiction of the court from which the garnishment process issued. All that the court can then do is to render a personal judgment against the garnishee for the sum due. If the proceedings are carried to judgment in the Cook county court, the utmost that court can do will be to render a personal judgment against the insurance company; but this judgment would not be a lien upon any property belonging to the Ryan Packing Company, nor upon any property previously brought within the jurisdiction or under the control of that court. If this court now gives judgment against the defendant insurance company for the amount due on the policy issued to the Ryan Packing Company, this judgment will not be a lien upon any property in Illinois, or within the jurisdiction of the circuit court of Cook county. The jurisdiction of this court in this case is not dependent upon control over any property, but has been acquired by personal service of the defendant company; and the same is true of the jurisdiction of the Cook county court over the insurance company as garnishee. Its jurisdiction depends upon the question whether the process of garnishment was duly served upon the defendant company, and thus it appears that the real point to be decided is whether the pendency of a proceeding in the circuit court of Cook county, Ill., which is, in effect, a suit to recover the sum due from the defendant insurance company, on behalf of Thomas J. Ryan, is a bar to this court taking jurisdiction over a suit brought by the plaintiff to recover the same claim against the insurance company.

In Stanton v. Embrey, 93 U. S. 548, and Gordon v. Gilfoil, 99 U. S. 168, it is held by the supreme court that the pendency of a prior suit in a state court is not a bar to a suit in a circuit court of the United States for the same cause of action, and therefore, if it be held that the proceedings now pending in the circuit court of Cook county, Ill., are tantamount to a suit on behalf of Thomas J. Ryan against the insurance company to recover the sum due upon the policy of insurance issued upon the property of the Ryan Packing Company, the pendency of that proceeding in a foreign jurisdiction is not matter of bar or abatement to the suit in this court based upon the same cause of action. But if it should be held that the service of the garnishment upon the defendant company in the case pending in Illinois had the effect of bringing a fund or res within the control of that court, it does not follow that the jurisdiction of this court over the present suit is defeated. In that event the rule laid down by the supreme court in the leading case of Buck v. Colbath, 3 Wall. 334, would be applicable, in which it was held that in cases wherein, by attachment, property had been levied on by the marshal, a state court could not rightfully issue

process to take possession of the property at the suit of a third party, but that it was open to such third party to sue the United States marshal in a state court in trespass to recover damages for the wrongful taking of the property; it being pointed out that each suit could be carried through to its final termination without bringing the process of the courts into conflict. As already said, this court can proceed to judgment against the defendant insurance company, and can collect the judgment from the property of the defendant company within the state of Iowa, without in any manner interfering with the control of the circuit court of Cook county over the proceedings pending in that court, or over any fund or property within the jurisdiction of that court. The plaintiff in this case is not seeking to establish a right to or lien upon any specific property or fund, but is seeking a personal judgment against the defendant company.

In argument it was claimed that the ruling of the circuit court of appeals for this circuit in the case of Gates v. Bucki, 4 C. C. A. 116, 53 Fed. 961, fully sustained the contention made against the jurisdiction of this court, but a careful reading of the opinion in that case shows that it supports the jurisdiction of the court in the present case. Thus it is therein said:

"When the jurisdiction of the courts in cases between the same parties involving the same issues, and seeking identical remedies, is dependent upon personal service of the original process upon the defendant, had within the limits of the territorial jurisdiction of the courts, then it is possible to proceed with each case without bringing about an unseemly conflict of jurisdiction. In some cases each court can proceed to final judgment without conflict. In others the first judgment rendered may be available to the prevailing party as a plea in bar to the action still pending. When, however, the proceedings are in rem, or are of that kind wherein jurisdiction is based solely upon the possession or control of property, and in which the final judgment of the court can only be enforced against the property taken into possession or under the control of the court, then a different rule applies."

Thus it appears that the court in Gates v. Bucki expressly recognized the distinction existing between cases resting upon personal service upon, and jurisdiction existing over, the person of the defendant, and cases wherein jurisdiction was rested solely upon possession of or control over property, and wherein no personal judgment could be rendered. The portions of the opinion cited and relied upon by counsel for defendant deal with cases coming under the definition of proceedings in rem, but were not intended to apply to cases wherein jurisdiction existed over the person of the defendant, and wherein a personal judgment could alone be entered.

The facts of this case show that on the 3d day of July, 1896, a legal and valid assignment of the claim existing against the defendant insurance company was made by the Ryan Packing Company to the plaintiff, as cashier of the Second National Bank, to secure a debt then justly due and owing to the said bank for moneys previously borrowed from the bank. This assignment transferred this claim to the plaintiff, and from its date the plaintiff had the right to demand and receive payment thereof, and, if not paid within the time named in the policy, had the right to enforce payment by suit at law. The company did not make payment when due, and

the plaintiff brought this action to collect the sum due, and the company answers that on the 9th day of November, 1896, fully four months after the claim had been legally transferred to plaintiff, the company had been garnished in an action brought in the circuit court of Cook county, Ill., by Thomas J. Ryan against the Ryan Packing Company. It is not averred or shown that there is pending in the circuit court of Cook county any proceeding to test the validity of the transfer of the claims to the plaintiff. All that has been done to reach the sum due from the defendant company is the service of the notice of garnishment thereon. If a final judgment in favor of Thomas J. Ryan against the Ryan Packing Company should hereafter be entered, and the garnishee shall be called upon to answer, it would be made to appear to the Cook county court that the garnishee had not in its possession any property belonging to the Ryan Packing Company; that it had become indebted to that company upon the policy of insurance issued by reason of the fire which took place on the 27th day of June, 1896; that this claim existing against it had been legally transferred to the plaintiff herein on the 3d day of July, 1896, four months before the process of garnishment had been served on the company, and that suit had been brought in the circuit court of the United States in Iowa, and judgment had been recovered against the company by the assignee of said claim for the full sum due from the company. Upon such showing it would clearly appear that there was no liability on part of the garnishee. It is well settled that an attaching creditor does not acquire any greater right against the garnishee than the defendant in the attachment suit possesses, and that the garnishee is not to be placed in a worse position than if the action against him was enforced by the defendant in the attachment suit; and, furthermore, a valid assignment by the defendant, which transfers the legal or equitable title to the claim due from the garnishee, and which is executed before service of garnishment process, will discharge the garnishee from liability. It thus appears that the garnishee has an effectual means of defense against any claim based upon the garnishment proceedings in Illinois, and no good or sufficient reason is shown why this court should not proceed to judgment in this case. If the theory advanced should be adopted,—that is, that this court, out of consideration for the garnishee, should not proceed in this case,—the same appeal, and with even greater force, could be made to the court in Illinois on behalf of the garnishee, to the effect that the garnishee had been directly sued upon the claim, by an assignee thereof, in the circuit court of the United States in Iowa, and that protection to the garnishee required that it should not be required to answer finally to the garnishment until the suit in Iowa had been disposed of, and thus action in both courts would be arrested, and the insurance company would not be held to account in either court.

It appearing that the defendant company is justly indebted upon the policy of insurance issued upon the property of the Ryan Packing Company, and that the claim thus existing has been duly assigned to the plaintiff, such assignment being made on July 3, 1896, and it

being admitted that no defense exists to this claim on behalf of the insurance company, it follows that the plaintiff is entitled to judgment for the amount admitted to be due.