KELLY MAUS & CO. v. SIOUX NAT. BANK et al.

(Circuit Court, N. D. Iowa, W. D.   June 1, 1897.)

REMOVAL OF CAUSES—FEDERAL JURISDICTION—SUIT TO ENJOIN SALE UNDER STATE EXECUTION.

The E. Co., being indebted to the plaintiff, executed to it three promissory notes, and pledged certain chattels to secure their payment. Subsequently the E. Co. confessed judgment in a state court in favor of the S. Bank, then in the hands of a receiver. The receiver caused an execution issued from the state court to be levied on the same chattels which had been pledged to plaintiff. Plaintiff then filed a bill in equity in the state court, against the bank and its receiver, the E. Co., and the sheriff, to restrain the sale of the chattels and determine the rights of the parties. The receiver applied to remove this suit to the federal court. *Held*, that the subject-matter of the controversy, the pledged chattels, was within the jurisdiction and control of the state court, and therefore beyond the jurisdiction of the federal court, either original or by removal.

Motion to Remand to State Court.

Milchrist & Robinson, for plaintiff.
Shull & Farnsworth, for defendants.


SHIRAS, District Judge. From the record in this case, the facts appear to be as follows: The Sioux National Bank, a federal corporation doing business at Sioux City, Iowa, becoming insolvent, was put in liquidation, and Jonathan W. Brown was appointed receiver thereof by the comptroller of the currency; that the Sioux City Engine & Iron Works is a corporation created under the laws of the state of Iowa, and of which corporation Jonathan W. Brown is president; that in September and October, 1896, that corporation became indebted to Kelly Maus & Co., a corporation created under the laws of Illinois, in the sum of $4,500, and as evidence thereof executed its three promissory notes, payable to the order of plaintiff, and as security therefor pledged and delivered to the plaintiff four steam engines and five well machines and their appurtenances; that the said Sioux City Engine & Iron Works became indebted to the Sioux National Bank in the sum of $36,000, and on or about November 28, 1896, the said Jonathan W. Brown, as president of the engine and iron works, confessed judgment in favor of the Sioux National Bank, of which he was then receiver, for the sum due the bank, which confession of judgment was filed in the office of the clerk of the district court of Woodbury county, Iowa, and an execution thereon was issued and placed in the hands of the sheriff of the county, and by him levied on the personal property pledged as security to the plaintiff, the same being advertised to be sold at public sheriff's sale. Thereupon the plaintiff filed a bill in equity in the district court of Woodbury county, Iowa, setting forth the indebtedness from the Sioux City Engine & Iron Works, and the pledging of the personal property as security therefor, and prayed an injunction restraining the sheriff's sale until the rights of the parties could be determined, which injunction was granted by the state court. To this bill there were made parties defendant the Sioux

National Bank, Jonathan W. Brown, receiver thereof, the Sioux City Engine & Iron Works, H. F. Clough, receiver thereof, and W. C. Davenport, the sheriff of Woodbury county. Jonathan W. Brown, as receiver of the Sioux National Bank, filed in the state court a petition for the removal of the case into this court, on the ground that the real controversy in the suit is between the complainant and the receiver, and therefore is a controversy arising under the laws of the United States, and as such is removable to this court under the provisions of the act of 1888, and, furthermore, that if it be held that the bill presents the question of indebtedness between the engine and iron works and the national bank as a controversy, it also presents the question of the superiority of the liens on the property as a separable controversy pending between the plaintiff and the receiver as defendant, and that this controversy is one which the receiver can remove to this court.

I do not deem it necessary to undertake the consideration of the question whether the controversy is one arising under the laws of the United States, or whether there is or is not a separable controversy presented on the record, for the reason that the facts show that this court cannot take jurisdiction over the controversy existing between the plaintiff and the receiver. That controversy is over the rights of the parties to the personal property taken possession of by the sheriff of Woodbury county, under the writ of execution issuing from the district court of that county. The subject-matter of the controversy, to wit, the property levied on, is within the jurisdiction and under the control of the state court, and is, therefore, without the jurisdiction of this court. It was the receiver of the national bank who caused the property to be levied on by process issued by the state court, and by his own act he brought the property within the control and jurisdiction of the state court. Of necessity, when the plaintiff corporation sought to enforce its right to the property as pledgee, it was compelled to appeal to the state court for the protection of its rights. The property being within the jurisdiction and control of the state court, the possession thereof cannot be interfered with by this court, and therefore this court cannot properly attempt to entertain jurisdiction, either originally or by removal, over a suit brought to settle the priority or superiority of conflicting liens asserted upon the property within the possession of the state court. Buck v. Colbath, 3 Wall. 334; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Gates v. Bucki, 4 C. C. A. 116, 53 Fed. 961. The only controversy presented on the record in this case, in which the receiver has any interest, is that with regard to the lien asserted in behalf of the plaintiff upon the property in possession of the state court. That possession exists by reason of the levy of the execution issued upon the judgment entered in the state court, and that judgment and the proceedings upon which it is based are not within the jurisdiction of this court, and therefore the possession of the property is with the state court, and cannot be taken from it, and all proceedings instituted for the purpose of asserting liens thereon are properly within the jurisdiction of that court, and are without the jurisdiction of this court so long as the possession

of the property remains in the state court. For these reasons, the case is not one in which the jurisdiction of this court can be properly invoked, and the motion to remand must be sustained.