## LINK–BELT CO. v. HANNER.

(District Court, S. D. Florida. April 22, 1926.)

No. 2249.

1. **Courts** ⟨⟩**497—That property has been seized by sheriff on writ of replevin from state court and released on forthcoming bond is ground for stay of replevin suit in federal court for recovery of same property.**

Where property has been seized by a sheriff on writ of replevin from a state court and released on forthcoming bond, it is in the custody of that court, and a replevin suit in a federal court to recover the same property, though by a different plaintiff, will be stayed until termination of the state suit or until ample time has elapsed for its termination.

2. **Replevin** ⟨⟩**49—Two sureties are not required by statute on forthcoming bond (Rev. Gen. St. Fla. 1920, §§ 3482, 3488).**

Under Rev. Gen. St. Fla. 1920, § 3488, providing for return to defendant of property seized on writ of replevin on his giving bond approved by the officer executing the writ, two sureties are not required on such bond as in case of a replevin bond, by section 3482.

At Law. Action by the Link-Belt Company against C. C. Hanner, doing business as the Homestead Rock Quarries. On demurrer to plea in abatement and on motion by defendant to strike petition attacking sufficiency of forthcoming bond. Demurrer overruled, and order of stay granted. Motion to strike granted.

Shutts & Bowen, of Miami, Fla., for plaintiff.

Thompson, Thompson & Youmans, of Miami, Fla., for defendant.

JONES, District Judge. This is an action in replevin, filed in this court, December 10, 1925, seeking possession from the defendant of a steam shovel and other chattels. A writ of replevin duly issued, and the property named therein was seized by the United States marshal, December 16, 1925. The defendant gave a forthcoming bond, which was approved by the marshal's office, and the seized property returned to the defendant De-

cember 18, 1925. On February 1, 1926, the defendant filed a plea in abatement praying a dismissal of the suit. The plea alleges that, at the time this action was commenced in this court, an action in replevin had been filed in the circuit court of the Eleventh judicial circuit court of Dade county, Fla., and is now pending, involving the identical property involved in this suit, and a certified copy of the record in the state court is attached to the plea. The plea and the certified record show that the suit in the state court was commenced December 1, 1925, by one L. J. De Honey against C. C. Hanner and a writ of replevin in said suit was issued and the property (the same as involved in the action in this court) seized on December 3, 1925, by the sheriff of Dade county, Fla. This property was subsequently returned to the defendant by the sheriff under a forthcoming bond and again seized by the marshal of this court as above stated.

The cause comes on for hearing before me upon a demurrer to the plea and upon a motion by the defendant to strike a petition filed herein by the plaintiff attacking the forthcoming bond filed in this court and asking that an additional surety be required upon said bond.

Taking up the demurrer first, it is contended by the plaintiff that this plea states no defense for the reason that the parties to the two actions are not the same; that the issues are not identical; that the facts alleged in the plea are insufficient to abate the action; and that the cause of action in the state court is not the same as that sued on in this court. It is not denied, however, that the property replevined in each action is the same, and the main contention is that this court should proceed under the rule that the fact of another suit in the state court between the same parties and based upon the same cause of action is no bar and no grounds upon which to abate an action in the federal court.

[1] The general rule unquestionably is that the pendency of a suit between the same parties and involving the same cause of action in a state court is no cause for abatement or bar to a similar suit between the same parties in the federal court.

In my opinion, however, an entirely different rule applies when such actions are in rem and involve the custody by the court of property, whether real or personal. This rule comes to us from the Courts of England and has been followed by the Supreme Court of the United States since its creation. Lord Ellenborough in the case of Payne v. Drew, 4 East, 523, in discussing this question, says:

"It appears to me, therefore, not to be contradictory to any cases nor any principles of law, and to be mainly conducive to public convenience and to the prevention of fraud and vexatious delay in these matters, to hold that, where there are several authorities equally competent to bind the goods of a party, when executed by the proper officer, that they shall be considered as effectually and for all purposes bound by the authority which first actually attaches upon them in point of execution, and under which an execution shall have been first executed."

Especially is this rule important in this country, where our state and federal courts, having jurisdiction in the same territory, should make every effort to avoid any conflict over the custody of property.

The Supreme Court of the United States had this same question before it in Hagan v. Lucas, 10 Pet. 400, 9 L. Ed. 470, wherein a sheriff had seized certain property under process of a state court and had delivered it on bail to abide the result of the property rights involved. The same property was subsequently seized by the United States marshal under a writ issued out of a federal court—exactly the same conditions as in the instant case. The Supreme Court in its opinion in Hagan v. Lucas, supra, says:

"Where a sheriff has made a levy, and afterwards receives executions against the same defendant, he may appropriate any surplus that shall remain, after satisfying the first levy, by the order of the court. But the same rule does not govern, where the executions, as in the present case, issue from different jurisdictions. The marshal may apply moneys, collected under several executions, the same as the sheriff; but this cannot be done as between the marshal and the sheriff. A most injurious conflict of jurisdiction would be likely, often, to arise between the federal and the state courts, if the final process of the one could be levied on property which had been taken by the process of the other. The marshal or the sheriff, as the case may be, by a levy, acquires a special property in the goods, and may maintain an action for them. But if the same goods may be taken in execution, at the same time, by the marshal and the sheriff, does this special property vest in the one, or the other, or both of them? No such case can exist; property once levied on remains in the custody of the law, and it is not liable to be taken by another execution, in the hands of a different of-

ficer; and especially by an officer acting under a different jurisdiction."

See, also, Freeman v. Howe et al., 24 How. 454, 16 L. Ed. 749; Covell v. Heyman, 4 S. Ct. 355, 111 U. S. 176, 28 L. Ed. 390. The court in the latter case says:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concerned; and although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and, when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues."

The plaintiff relies on the case of Barber Asphalt Paving Co. v. Morris, 132 F. 945, 62 C. C. A. 55, 67 L. R. A. 761, for the proposition that both these suits may be maintained at the same time. In the opinion in said case, Circuit Judge Sanborn states both rules referred to above as follows:

"The general rule upon this subject has been so clearly announced and so often affirmed by the Supreme Court and by this court (Circuit Court of Appeals, Eighth Circuit) that it is no longer open to debate or consideration. It is that the pendency in a state court of an action brought by the plaintiff in a subsequent action between the same parties in the federal court, and which involves the same subject-matter, presents no bar and furnishes no ground for the abatement of the later action [citing authorities]. But, where one of the courts has secured possession or dominion of specific property by proper process, the suit in the co-ordinate jurisdiction to affect the same property should not be dismissed, but before a seizure of the property is made therein it should be stayed until the proceedings in the court which first

obtained jurisdiction of the property are concluded, or ample time for their termination has elapsed. [Citing] Zimmerman v. So Relle, 80 F. 417, 420, 25 C. C. A. 518, 521; Gates v. Bucki, 53 F. 961, 965, 4 C. C. A. 116, 120."

The learned Circuit Judge, in holding that the cases in the state court presented no grounds for the abatement of the case in the federal court, after stating the rules as quoted above, says:

"The appeals from the allowance of its claim [the cases in the state court] and the action upon it in the federal court presented no existing or prospective conflict of jurisdiction between the state court · and the federal court over any specific property * * *. The case, therefore, fell clearly under the first rule."

In the instant case, however, there is clear conflict over specific property between the state court and this court, and the case undoubtedly comes within the second rule.

I have not referred to the question raised by the demurrer, and stressed at the time of argument, as to whether the parties to these two actions are the same, for the reason that it appears to me to be immaterial. An examination of the cases already cited will show that in many of them the parties were not the same. The sole question involved in this case is whether the property is the same and had the state court acquired custody thereof at the time of filing this suit. It seems to be agreed that the property is the same, and that the state court had acquired custody thereof prior to the commencement of this suit. This being true, the proper practice is not to abate or dismiss the suit in this court, but to enter an order staying all proceedings therein until the termination of the case in the state court or until ample time for its termination has elapsed. Gates v. Bucki, 53 F. 961, 4 C. C. A. 116; Zimmerman v. So Relle, 80 F. 417, 25 C. C. A. 518; Barber Asphalt Paving Co. v. Morris, 132 F. 945, 62 C. C. A. 55, 67 L. R. A. 761. Such an order will be entered.

[2] We come now to a consideration of the petition of plaintiff attacking the sufficiency of the forthcoming bond given by the defendant in this case and praying for an additional bond and the motion of defendant to strike and dismiss said petition. While it is not necessary at this time to determine the question of liability under this bond, and I do not undertake to decide this question, I will consider, in the abstract, the objections raised by this petition to the form and suffi-

ciency of the bond. The bond is executed with the "Florida Loan & Brokerage Company, by L. S. Dillingham, as sole trustee," as surety. The petition alleges that the Florida Loan & Brokerage Company is not a corporation, but is a trade-name used by L. S. Dillingham for the purpose of conducting the business of signing bonds for persons charged with crimes, that said Florida Loan & Brokerage Company is not authorized to do a surety company business in Florida, and that said bond is not executed by two sureties as required by law.

At the time of this hearing, the petitioner produced L. S. Dillingham as a witness, who testified, in substance, that the Florida Loan & Brokerage Company, L. S. Dillingham, as sole trustee, operates under a common-law declaration of trust; that it holds in trust certain property consisting mostly of real estate in the state of Florida of the value of approximately $1,000,000; that most of this property is unincumbered; and that it is authorized by the state of Florida, amongst other things, to execute bonds and to act as surety upon bonds; and that its assets are greatly in excess of its liabilities. This testimony was not controverted. I am therefore of the opinion that the allegation that the bond is insufficient is not sustained.

It is clear from the testimony of Mr. Dillingham that the Florida Loan & Brokerage Company is not a surety company, authorized as such to execute bonds in the state of Florida as sole surety in cases where the law requires two sureties. From this testimony it is clear that no such right is claimed by the Florida Loan & Brokerage Company.

The only other question, therefore, to be determined, is, Was the marshal authorized to accept the forthcoming bond with only one surety?

This suit is brought under the Florida statutes governing actions in replevin. These statutes require a bond by the plaintiff "with at least, two good and sufficient sureties." Section 3482, Revised Statutes of Florida of 1920. But section 3488, providing for the return of the property to the defendant, requires a bond from the defendant "with security to be approved by such officer (executing the writ)."

I therefore take it that two sureties are not required on this forthcoming bond, and that, as the bond in question appears to be sufficient and has been approved by the officer of this court, who executed the writ, the petition for additional bond will be denied, and the motion to strike same will be granted.