FARRINGTON, OTIS, Associate Judge.
The parties will be referred to as they were in the trial court.
Defendant, Mrs. Phillip Moresca, appeals from a summary final judgment in replev-in holding that plaintiff, Allstate Insurance Company, hereafter referred to as Allstate, was entitled to possession of the 1965 Pontiac automobile which was the subject of the replevin action.
Prior to the filing of the replevin action by Allstate, the Sheriff of Brevard County had taken possession of the same Pontiac automobile because he had received information that it was a stolen automobile. On March 20, 1967, Mrs. Moresca brought a replevin action in the Court of Record for Brevard County against the Sheriff to regain possession of the automobile. The Sheriff served the writ of replevin on himself, did not post a forthcoming bond, and after three days delivered the automobile to Mrs. Moresca as provided by Florida law (Section 78.13, F.S.196S, F.S.A.). The Sheriff filed an answer in that action in which he asserted that the true owner of the automobile was either Harold J. Paul, or Mr. Paul’s insurance carrier, Allstate.
On August 1, 1967, Allstate filed the action sub judice in replevin in the Court of Record for Brevard County against Mrs. Moresca seeking possession of the same Pontiac automobile. Allstate claimed title as successor in interest to its insured Harold J. Paul, from whom it claimed the Pontiac automobile had been stolen. The Sheriff seized the automobile under the writ of replevin posted in the action filed by Allstate. Mrs. Moresca did not post a forthcoming bond, and after three days the Sheriff delivered the automobile to Allstate.
Mrs. Moresca moved to quash the writ of replevin and dismiss the replevin action filed by Allstate, contending that the subject automobile was immune from seizure under a second writ of replevin. The trial judge denied this motion and thereafter entered final summary judgment for Allstate, it being sufficiently established in the summary judgment proceeding that the replevied automobile was the automobile previously stolen from Harold J. Paul. In this appeal appellant contends that the trial judge erred in denying the motion to quash the writ of replevin and to dismiss the action. The question for decision is whether a chattel claimed by one person which is taken from another by writ of replevin and held subject to a redelivery bond may be seized under a second writ of replevin while the first action remains pending and where the claimant in the second action is not a party to the first action.
No Florida decision is controlling. Decisions from other states are in conflict. Appellant relies on the cases holding that under the circumstances set forth above the chattel is immune from further replev-in until disposition of the pending replevin action. The contrary view allowing the seizure of the chattel in the second replev- *285 in action seems to us more logical and practical.[1]
A chattel held by a plaintiff in a pending replevin action under a redelivery bond is in custodia legis.[2] A chattel in custodia legis is not necessarily immune from seizure under a writ of replevin. For example, property held under a writ of execution or attachment is in custodia leg-is, but a Florida statute specifically permits replevin of the same from the possession of the sheriff when the property is exempt from execution or attachment (Section 78.-02(2), F.S.1967, F.S.A.) or is claimed by some person other than the defendant in attachment. (Section 76.21, F.S.1967, F.S. A.). The Florida Replevin statute (Section 78.01, F.S.1967, F.S.A.) provides that goods or chattels wrongfully detained by any person or officer may be replevied.
Section 78.02, F.S.1967, F.S.A. lists the types of property which may not be taken by replevin. Property held by a party to a pending replevin suit subject to a redelivery bond is not exempted by this statute except as to a second replevin action by the original defendant from whom the property was seized in the original replevin action.
The motion of Mrs. Moresca to quash the writ of replevin and to dismiss the second action amounted to the assertion of a defense in abatement. The defense of abatement because of the pen-dency of another action is dilatory and technical in nature. Allowance of this defense amounts to a dismissal without prejudice of the abated action. Abatement is not favored by the courts and the party asserting it must clearly show that he is within the reason for its enforcement.[3] The fact that the plaintiff in a second action could become a party to a pending action by intervention is ordinarily not held to be a ground for abatement of the subsequent action by him to enforce his claim or rights.[4]
Appellant advances two main objections to allowing maintenance of the second re-plevin action: (1) The dilemma forced on Mrs. Moresca of posting a second bond in order to retain possession of the automobile with one bond conditioned on the delivery of the automobile to one adversary in case of an adverse decision, and the other conditioned on delivery of the same automobile to another adversary in case of an adverse decision in the second case, so that compliance with the conditions of both bonds would be impossible if both replevin actions were concluded against her; or, if she yielded possession of the automobile in the second action (as she did) the possibility that she would be unable to comply with the condition of her redelivery bond in the first action if that should be concluded against her prior to termination of the second action; and (2) the possibility that delivery of the automobile to Mrs. Moresca’s adversary pursuant to final judgment in the second action would remove the automobile from the custody of the court, thereby putting it beyond the power of the court to require delivery of the automobile to the successful party in the prior action.
At the time the trial judge considered defendant’s motion seeking abatement of Allstate’s replevin action, other convenient procedures were available to obviate *286 these objections;[5] hence it was proper to deny the unfavored remedy of abatement.[6]
The answer of the sheriff who was defendant in the first replevin action claimed no right of possession in himself, but asserted that the true owner of the automobile was either Harold J. Paul, or Mr. Paul’s insurance carrier, Allstate. The trial judge was correct in discerning that the real issue in both replevin actions was the same, to-wit: whether the automobile which was the subject of both actions was the same automobile that had previously been stolen from Harold J. Paul. This issue could be determined more expeditiously in the second replevin action where both parties claimed ownership of the automobile. The trial judge acted reasonably and correctly in permitting the second action to proceed to conclusion.
We have examined the other points raised by appellant and are of the opinion that no harmful error has been demonstrated.
Affirmed.
WALDEN and OWEN, JJ., concur.

.In 44 Am.Jur., Replevin, § 44 commencing on page 28 it is stated:
“The apparent weight of authority, which is supported by logic and reason is to the effect that property seized in replevin may be replevied by a new claimant the moment it is delivered into the hands of the plaintiff or defendant in the original replevin action. There are, however, a number of courts which have adopted a contrary view.”

. Miller v. White, 1874, 14 Fla. 435; Crandall, Common Law Practice, p. 542.

. 1 Am.Jur.2d, Abatement, Survival and Revival, § 5, p. 45.

. 1 C.J.S. Abatement and Revival § 62, p. 96.

. Other available procedures to obviate any problems caused by the pendency of two actions for possession of the same chattel would include consolidation, of the two replevin actions since they were pending in the same court; or the staying of either at any stage to the extent necessary to protect Mrs. Moresca from double liability and to retain effective control of the automobile until the rights of all parties to possession thereof could be determined.

. In the case of Link-Belt Co. v. Hanner, S.D.Fla.1926, 12 F.2d 453, involving an action in the federal district court wherein it was sought to replevin a steam shovel which was the subject of a pending replevin action in the state court and in the possession of the defendant in the state court action under a forthcoming bond, it is stated as follows:
“The sole question involved in this case is whether the property is the same and had the state court acquired custody thereof at the time of filing this suit. It seems to be agreed that the property is the same, and that the state court had acquired custody thereof prior to the commencement of this suit. This being true, the proper practice is not to abate or dismiss the suit in this court, but to enter an order staying all proceedings therein until the termination of the case in the state court or until ample time for its termination has elapsed. Gates v. Bucki, 53 F. 961, 4 C.C.A. 116; Zimmerman v. So Relle, 80 F. 417, 25 C.C.A. 518; Barber Asphalt Paving Co. v. Morris, 132 F. 945, 62 C.C.A. 55, 67 L.R.A. 761.”