## THE UNITED STATES *v.* PATTERSON.

1813.

March 16th

*Absent....*Todd, J.

THIS was also a writ of error to the Circuit Court, for the district of Kentucky.

The case was submitted without argument, and Du-VALL, J. delivered the opinion of the Court, as follows:

*of a public officer of the United States, to collect and apply the money, when received, to the credit of such debtor in account with the United States, is not entitled to such credit until the money gets into the hands of a public officer of the United States entitled to receive it. Its being in the hands of an agent of a person who at the time when the claims were put into his hands for collection was a public officer of the United States, entitled to receive.debts due to the United States, but whose office became extinct before the money was received by his agent, is not sufficient to entitle such debtor to a credit in account with the United States therefor.*

This case has been considered in connexion with that against January & Patterson.

A suit was instituted on the bond dated 23d March, 1799, against Arthur & Patterson; and pending the suit Arthur died. The Defendant pleaded performance, to which the Plaintiffs replied, alleging as a breach of the condition, that the stipulations therein contained had not been performed, and that the Defendant was in arrear to the Plaintiffs, the sum of $ 16,181 15 1-2. &c. on which issue was joined.

The evidence, exhibited in the suit against January & Patterson, was produced in this case. On the trial the Defendant took several exceptions, but not having appealed, they are not open to examination.

The Plaintiffs also took an exception to the allowance of a credit to the Defendant. The supervisor had received the evidence of a number of outstanding debts due to Arthur, which he undertook to collect, and promised to apply the proceeds to Arthur's credit. Among them was the bond, of Beelor & Moore, which was sued; at the trial of this suit, it appeared that the amount of that bond had actually come into the hands of the agent of the person who had been supervisor; but that office being extinct, it was contended on the part of the United States, that the payment could not be considered as a payment to government. The Court was of a different opinion, and instructed the jury accordingly; to which opinion of the Court, an exception was taken, and a writ of error prosecuted.

This Court is of opinion, that the Circuit Court erred in the decision thus made. The reception of the outstanding debts by the supervisor, for the purpose of having suits commenced for the recovery of them, was an accommodation to the Defendant. who could not be justly entitled to credit until the money was in the hands of some public officer authorized to receive it.

*Judgment reversed.*