Ex parte Roberts.

The allowance of an appeal to this court by the Court of Claims, does not absolutely and of itself remove the cause from the jurisdiction of the latter court, so that no order revoking such allowance can be made.

On petition of M. O. Roberts for a writ of mandamus to the Court of Claims to require that court to hear, entertain,

---

and decide a certain motion made there by him for a new trial, and also to correct the records of the court in certain particulars set forth in the petition, the main question arising on the motion being whether the allowance of an appeal to this court by the Court of Claims, absolutely and of itself removes a cause from its jurisdiction, so that no order revoking such allowance can be made.

*Messrs. T. Wilson and E. N. Dickerson, in support of the motion; Mr. C. H. Hill, Assistant Attorney-General, contra.*

The CHIEF JUSTICE stated the case and delivered the opinion of the court.

The act of Congress, 3d March, 1863, authorizes appeals from the Court of Claims to this court under such regulations as this court may direct, provided such appeals be taken within ninety days after such judgment or decree.

By our third rule, regulating these appeals, we directed that this limitation of ninety days should "cease to run from the time of the application for the appeal." In other words, the appeal was taken, in the sense of the act, when the defeated party in the Court of Claims signified, by his motion for the allowance of an appeal, his desire to take one. But, by the same rule, we declared that an allowance by the court or the Chief Justice in vacation was essential to the perfecting of an appeal; so that there might be, between the motion for the appeal and its allowance, an interval of time, greater or less as might be determined by the convenience of counsel, subject to the discretion of the court.

The judgment in the case before us was rendered on the 27th of February, 1871. On the 16th of May, a motion for new trial was made, and, on the 22d of the same month, there was filed a motion for the allowance of an appeal. This motion was in time, and, unless there be some rule of the Court of Claims to the contrary, we perceive no objection to hearing the motion for new trial at any time after it was made, or, if that should be refused, to the subsequent allowance of the appeal. It appears, however, that the

attorney for the petitioners, apprehending some prejudice
to his motion for new trial from the motion for an appeal,
entered into a stipulation with the Assistant Attorney-Gen-
eral, representing the United States, which was filed with
the motion for an appeal, that the latter motion should not
injuriously affect the former, or prevent a full hearing and
decision upon the merits. Both motions were thereupon
continued. Subsequently, while both were pending, one of
the counsel for the plaintiffs, not the attorney of record, and
without the assent or knowledge of the attorneys of record,
moved the court, on the 2d day of May, 1872, for the allow-
ance of an appeal as prayed by the motion of the 22d of
May, 1871, and the appeal was allowed. As soon thereafter
as the motion could be made, the same counsel moved for
and obtained an order, May 8th, 1872, revoking this allow-
ance. Afterwards, the motion for new trial coming on to
be heard, on the 22d November, the court refused to enter-
tain it, on the ground that an appeal had been allowed
on the 2d May, 1872, and that, the cause having been thus
removed from its jurisdiction, the subsequent order, revok-
ing that allowance, was a nullity. The attorney for the
petitioners then moved the court to strike out the allowance
of appeal, on the 2d of May, 1872, but the court refused to
entertain that motion.

The question whether the court erred is now before us.

We are clearly of opinion that the Court of Claims had
power to hear and ought to have heard and determined both
motions, and that its order of revocation, made on the 8th
of May, 1872, was within its jurisdiction.

That it ought to hear and decide the motion for new trial
is obvious; for, when that motion was called up on the 22d
of November, 1872, the order revoking the allowance of ap-
peal stood itself unrevoked. A new order was necessary to
get rid of its effect. As long as it remained on the record,
no question could be made of its operation.

But was it a nullity in fact?

It cannot be denied that the order allowing the appeal

was improvidently made. It was moved for without author-
ity, or, if with authority, under a total misapprehension of
fact and in disregard of the stipulation entered into by the
attorneys in the cause. Its effect was to destroy the previous
motion for a new trial, contrary to the express terms of the
agreement. It had hardly been made when the counsel who
had inadvertently moved for it, moved for its revocation,
and the motion was granted. We do not doubt the power
or the propriety of that action. The whole record was still
in the possession of the Court of Claims; and the stipula-
tion, showing that the motion for an allowance of the ap-
peal could not properly be disposed of before the motion
for new trial had been heard and determined, was a part of
that record.

We shall, therefore, award a mandamus, requiring the
Court of Claims to hear, entertain, and decide the motion
for new trial, and also the motion to correct the records of
that court, as set forth in the motion to this court, made in
behalf of the petitioners.

AWARD ACCORDINGLY.