UNITED STATES ex rel. HARLESS v. JUDGES OF UNITED STATES COURT OF APPEALS OF INDIAN TERRITORY.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1898.)

No. 10.

CIRCUIT COURT OF APPEALS—JURISDICTION—MANDAMUS.
    Inasmuch as a circuit court of appeals, under Act March 3, 1891, § 12 (1 Supp. Rev. St. c. 517, p. 905), has no greater power to issue a writ of mandamus than the courts of the United States had under Rev. St. § 716, it follows that it has no power to issue such a writ in any case which is not pending in its court, and in which it has not already acquired jurisdiction by other appropriate proceedings.

MANDAMUS—REVIEW OF JUDICIAL DECISION.
    The writ of mandamus may not be made to perform the office of an appeal, or of a writ of error to review the action of a court in the lawful exercise of its jurisdiction, nor can it issue to command a court or officer to decide a judicial question in a particular way; much less may it be invoked to direct such a court or officer to reverse a decision of a judicial question which has already been rendered.

MANDAMUS—BAIL—CIRCUIT COURT OF APPEALS—TERRITORIAL COURT OF APPEALS.
    An alternative writ of mandamus was issued by the circuit court of appeals of the Eighth circuit to the judges composing the court of appeals in the Indian Territory, commanding them to admit the relator to bail pending his

appeal to the latter court from a judgment of conviction render\
him by the United States court in that territory, or to show cause\
refused. From the writ and return, it appeared that from the ˯ˏˏ˛gment
of conviction for the crime of larceny the relator appealed, and, upon denial
of his application, to the judge before whom he had been tried, to be ad-
mitted to bail, he filed a petition for the same relief in the court of appeals
in the territory, and that, after hearing, argument, and consideration in that
court of the same questions, subsequently presented upon the return of the
writ of mandamus, the prayer of the petition was denied, and the petition
dismissed. *Held*, that the relator's motion in the circuit court of appeals for
a peremptory writ of mandamus must be denied.

Information for Writ of Mandamus.

Charles B. Stuart, for relator.
P. L. Soper, for respondents.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. On the petition of John G. Harless, the relator, this court issued to the judges composing the United States court of appeals in the Indian Territory its alternative writ of manda- mus, which commanded them to admit the relator to bail during the pendency of his appeal to that court from a judgment of conviction ren- dered against him on July 10, 1897, by the United States court in the Indian Territory, or to show cause why they refused to do so. The judges have made their return to the alternative writ, and the relator now moves for a peremptory writ.

From the writ and return, it appears that the relator was convicted on July 10, 1897, in the United States court in the Indian Territory, of the crime of receiving stolen property; that he appealed from that judgment to the United States court of appeals in the Indian Territory; that while this appeal was pending he applied to Hon. John R. Thomas, the judge before whom he had been tried, to be admitted to bail pend- ing his appeal, and his application was denied; that he then filed in the United States court of appeals in the Indian Territory a petition for a writ of habeas corpus, and for admission to bail pending his appeal to that court; that his petition was heard by that court on October 30, 1897, and after argument, and a consideration of the same questions presented by the proceedings in this court, the prayer of his petition was denied, and his petition was dismissed; that the appeal from the judgment of conviction of the crime is still pending and undetermined in the United States court of appeals in the Indian Territory, and is not pending in this court.

The United States circuit courts of appeals are the creatures of con- gressional action. They have the powers vested in them by the acts of congress which created them, and their various amendments and modifications. These acts of congress have given them the same power to issue writs of mandamus which the courts of the United States had under the judiciary act of 1789. Rev. St. § 716.

Section 12 of the act of March 3, 1891 (1 Supp. Rev. St. U. S. c. 517, p. 905), which created these courts, provided that:

"The circuit courts of appeals shall have the powers specified in section seven hundred and sixteen of the Revised Statutes of the United States."

Section 716 provides that:

"The supreme court and the circuit and district courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

Under this provision of the acts of congress the courts of the United States never had the power to acquire jurisdiction of a case or question by the issue of a writ of mandamus. Their authority in this regard was limited to the issue of writs of mandamus in aid of their jurisdiction in such cases as were already pending in those courts, and in which jurisdiction had been obtained on other grounds and by other process. McClung v. Silliman. 6 Wheat. 601; McIntire v. Wood, 7 Cranch, 504; Kendall v. U. S., 12 Pet. 524; Riggs v. Johnson Co., 6 Wall. 166, 197, 198; Bath Co. v. Amy, 13 Wall. 244; Smith v. Jackson, 1 Paine, 453, Fed. Cas. No. 13,064; U. S. v. Williams, 32 U. S. App. 126, 129, 14 C. C. A. 440, and 67 Fed. 384.

In Bath Co. v. Amy, 13 Wall. 244, 249, Mr. Justice Strong, in discussing the power of the circuit court to issue a writ of mandamus in an original proceeding, said:

"This subject has heretofore been under consideration in this court, and in McIntire v. Wood it was unanimously decided that the power of the circuit courts to issue the writ of mandamus is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction. The court said: 'Had the eleventh section of the judiciary act covered the whole ground of the constitution, there would be much reason for exercising this power in many cases wherein some ministerial act is necessary to the completion of an individual right arising under the laws of the United States, and the fourteenth section of the act would sanction the issuing of the writ for such a purpose. But, although the judicial power of the United States extends to cases arising under the laws of the United States, the legislature have not thought proper to delegate the exercise of that power to its circuit courts, except in certain specified cases.' And in McClung v. Silliman, this court said, when speaking of the power to issue writs of mandamus: 'The fourteenth section of the act under consideration [the judiciary act] could only have been intended to vest the power * * * in cases where the jurisdiction already exists, and not where it is to be courted or acquired by means of the writ proposed to be sued out.' In other words, the writ cannot be used to confer a jurisdiction which the circuit court would not have without it. It is authorized only when ancillary to a jurisdiction already acquired. The doctrine asserted in both these cases was conceded to be correct by both the majority and the minority of the court in Kendall v. U. S. The power to issue a writ of mandamus as an original and independent proceeding does not, then, belong to the circuit courts."

Since a circuit court of appeals has no greater power to issue a writ of mandamus than the courts of the United States had under section 716, it follows that it has no power to issue such a writ in any case which is not pending in its court, and in which it has not already acquired jurisdiction by other appropriate proceedings. There was no case pending in this court in which the relator was interested when he applied for this alternative writ, and for this reason his petition must be dismissed.

Moreover, the question whether the relator is entitled to be admitted to bail while his appeal is pending in the United States court of appeals in the Indian Territory is a judicial question which has already been decided by that court after full argument, and the only purpose which the relator seeks to accomplish by this writ is to obtain

*a review of that decision by this court, and its direction to the court* below to reverse the judicial decision it has already rendered. But the writ of mandamus may not be made to perform the office of an appeal or of a writ of error to review the action of a court in the lawful exercise of its jurisdiction, nor can it issue to command a court or an officer to decide a judicial question in a particular way; much less may it be invoked to direct such a court or officer to reverse a decision of a judicial question which has already been rendered. In re Rice, 155 U. S. 396, 403, 15 Sup. Ct. 149; American Const. Co. v. Jacksonville, T. & K. W. Ry. Co., 148 U. S. 372, 379, 13 Sup. Ct. 758; In re Parsons, 150 U. S. 150, 156, 14 Sup. Ct. 50; Ex parte Morgan, 114 U. S. 174, 5 Sup. Ct. 825; Ex parte Whitney, 13 Pet. 404.

The motion for the peremptory writ of mandamus in this case is denied, and the petition is dismissed.