WALKER VS WANTLAND.

Opinion delivered October 1, 1898.

*Jurisdiction of Court of Appeals—Certiorari.*

The Court of Appeals in the Indian Territory has authority to issue writs of certiorari only in aid of its appellate and supervisory jurisdiction, and it cannot issue such writ in any case not pending in this court, and in which it has not already acquired jurisdiction by other appropriate proceedings. Nor can the writ be invoked to perform the office of an.appeal or writ of error.

Petition by T. C. Walker, filed in the Court of Appeals praying a writ of certiorari to L. C. Wantland, clerk of the United States Court for the Southern District. Denied.

This is an original action, brought in the United States court of appeals for the Indian Territory, by petition filed in this court, praying for a writ of certiorari to quash an alleged void judgment entered against the plaintiff in the United States Court for the Southern District of the Indian

Territory, sitting at Purcell. The judgment complained of was obtained under section 3957, Mansf. Dig. and the chapter entitled "Summary Judgments." Plaintiff claims that he had no notice of such proceeding whatsoever, and that the said judgment is absolutely void, and that the records of the inferior court should be purged. The service was made by leaving a copy of the motion with a son of petitioner, over 16 years of age, at his place of residence. The petition for the writ of certiorari sets forth in detail and at length the proceedings of the court below, and all the facts upon which petitioner relies, and concludes as follows: "Wherefore, by reason of the facts aforesaid, and your petitioner having no other remedy adequate in the premises, he prays this honorable court that a writ of certiorari be issued therein, directed to the clerk of the United States Court for the Southern District of the Indian Territory, sitting at Purcell, commanding him to forthwith certify to this honorable court a true copy of the record of all the proceedings in said cause, and that this court inquire into all the proceedings herein, and the jurisdiction of said United States Court for the Southern District of the Indian Territory, sitting at Purcell, over the person of your petitioner, and on final determination quash the proceedings and judgment aforesaid." The clerk issued the writ on the order of one of the judges of the court of appeals, and the entire record of the court below is now before this court.

*J. W. Hocker* and *Zol Woods*, for petitioner.

*B. D. Davidson* and *Dorset Carter*, for respondent.

SPRINGER, C. J. The counsel for respondent in this case have filed a brief, in which they argue the case on its merits. No objection is urged to the form of the action. They concede by their brief that the case is properly before

(3)

this court. But this court cannot assume a jurisdiction not conferred upon it by law, even by consent of the parties in interest. The jurisdiction of this court is the same as that conferred upon the Supreme Court of Arkansas and is contained in section 1263 of Mansfield's Digest. See section 11 of act of Congress approved March 1, 1895 (Rich. Dig. p. 138.) Section 1263 of Mansfield's Digest is as follows: "The Supreme Court, except in cases otherwise provided by the constitution shall have appellate jurisdiction only, which shall be co-extensive with the state, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error, and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and other remedial writs; and to hear and determine the same. Its judges shall be conservators of the peace throughout the state, and shall severally have power to issue any of the aforesaid writs." A careful reading of this section will clearly establish the conclusion that this court has no authority to issue writs of certiorari, except "in aid of its appellate and supervisory jurisdiction." In the case of U. S. vs Judges of the United States Court of Appeals of Indian Territory, the Circuit Court of Appeals for the Eighth Circuit held that that court had no power to issue a writ of mandamus in any case which was not pending in its court, and in which it had not already acquired jurisdiction by other appropriate proceedings. 29 C. C. A. 78, 85 Fed, 177. The court further held in that case that a writ of mandamus may not be made to perform the office of an appeal, or writ of error to review the action of a court in the lawful exercise of its jurisdiction, nor may it be invoked to direct such a court or officer to reverse a decision of a judicial question which has already been rendered. The authority of this court to issue writs of certiorari is conferred

by the same provisions of law that confer authority to issue writs of mandamus. The power conferred upon this court of appeals is similar to the power conferred upon the Circuit Courts of Appeals, in so far as the issue of remedial writs is concerned. It is a power to be exercised only in aid of its appellate and supervisory jurisdiction. The petition in this case for a writ of certiorari is invoked to preform the office of an appeal or writ of error to review the action of the court below in the lawful exercise of its jurisdiction, and for the purpose of reversing a decision which has already been rendered in the case. The writ cannot be invoked for that purpose. The prayer of the petitioner is therefore denied, and the petition is dismissed.

CLAYTON and TOWNSEND, JJ., concur.