In re WESTERVELT et al.

(Circuit Court of Appeals, First Circuit. January 18, 1900.)

No. 311.

MANDAMUS TO COURT—REMEDY BY APPEAL.

The circuit court having refused to enter a decree, and having permitted defendant to answer, its action cannot be reviewed by mandamus to compel it to sign a decree, and to order the answer to be stricken from the files, there being full remedy by appeal, and this, independently of any question as to the general power of circuit courts of appeal to issue special writs.

Thomas A. Connolly, for petitioners.

W. K. Richardson and F. L. Emery, for Library Bureau.

Before PUTNAM, Circuit Judge, and BROWN and LOWELL, District Judges.

PUTNAM, Circuit Judge. This is a petition asking that we issue a writ of mandamus to the circuit court. It alleges that the petitioners are the complainants in a certain cause in equity pending in the circuit court, in which the Library Bureau of Massachusetts is defendant; that the defendant pleaded in bar, on which plea an issue of fact was joined, and that the issue was determined for the complainants. Thereupon the complainants moved the court to enter a final decree in their favor, but the court permitted the defendant to answer over. Therefore the petition prays that a writ of mandamus may issue to the circuit judge commanding him to sign a decree in the cause, and to order that the defendant's answer be stricken from the files. It does not, in its terms, ask that the court below should enter a final decree; but evidently such a decree was claimed in the circuit court, and is asked as the result of this petition. The action of the circuit court in refusing to enter a decree and permitting the defendant to answer preceded the filing of this petition. Therefore the proposition is not merely that a writ of mandamus issue, requiring the court below to do an act which it has not done, or to entertain jurisdiction which it has refused to entertain, as in Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1121, but it in effect asks us to revise the proceedings of the circuit court in a matter as to which the petitioners, at the proper time, will have full remedy by appeal. Without considering to what extent this court has the same power to issue writs of mandamus with reference to cases not pending before it that the supreme court has (U. S. v. Judges of U. S. Court of Appeals, 29 C. C. A. 78, 85 Fed. 177), it is plain, in accordance with the rule stated in Re Rice, 155 U. S. 396, 403, 15 Sup. Ct. 149, 39 L. Ed. 198, and in Re Atlantic City R. Co., 164 U. S. 633, 635, 17 Sup. Ct. 208, 41 L. Ed. 579, that this petition cannot be successfully substituted for the ordinary method of removing a question into this court. The petition is denied, with costs for the Library Bureau of Massachusetts.