MINNESOTA MOLINE PLOW CO. et al. v. DOWAGIAC MFG. CO.

DOWAGIAC MFG. CO. v. MINNESOTA MOLINE PLOW CO.

(Circuit Court of Appeals, Eighth Circuit. November 30, 1903.)

1. MANDAMUS—SCOPE OF REMEDY—CONTROLLING JUDICIAL DISCRETION.

The writ of mandamus may be invoked to compel action by an inferior court, but not to control or review its decision; and it will not issue to require such court to punish a defendant for contempt in violating its injunction, when it has already considered the question judicially, and determined that he was not guilty.

2. APPEALABLE ORDERS—INTERLOCUTORY DECREE ENTERED ON MANDATE OF APPELLATE COURT.

An interlocutory decree was entered enjoining defendants from infringing a patent, and directing an accounting for past infringement, from which an appeal was taken by defendants. On the mandate of the Circuit Court of Appeals, a second and modified decree was entered, enlarging the scope of the injunction, but still interlocutory. *Held* that, since such decree was merely in execution of the mandate of the appellate court, it was not appealable.

Appeal from the Circuit Court of the United States for the District of Minnesota.

In Equity. On petition of appellee for a writ of mandamus and motion to dismiss appeal, and on appellants' motion for special mandate.

Ephraim Banning and Thomas A. Banning, for appellant and respondent.

Fred L. Chappell, Wm. G. Howard, and Otis A. Earl, for appellee and petitioner.

Before SANBORN and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge (orally). In these cases the motion or petition for a writ of mandamus to the United States Circuit Court to direct it to punish the defendants for contempt for failing to obey the injunction will first be considered. Without stopping to review the course of proceedings which led to the order of the court below refusing to punish the defendants for contempt, the fact is that this court held that the question whether or not the defendants were guilty of contempt was a matter within the jurisdiction of the Circuit Court. Thereupon that court considered the question, and determined that the defendants had not been guilty of contempt. The Circuit Court did not decline to take jurisdiction of the question. It did not fail to consider and decide the issues of law and fact presented to it, and the question whether or not its decision was right is not presented for determination on this application for a writ of mandamus. The only question this application for the writ presents is whether or not the court below declined to take jurisdiction of a question which it was its duty to consider and determine. In the case of United States ex rel. Harless v. Judges of the United States Court of Appeals of the Indian Territory, the judges of the court refused to admit a defendant to bail. He insisted that this decision was erroneous, and applied to this court for a writ of mandamus to compel the judges of the Court of Appeals of the Indian Territory to reverse its decision and allow him to give bail. Without quoting at large from the opinion in that case, the conclusion of this court was expressed in these words:

"The question whether the relator is entitled to be admitted to bail while his appeal is pending in the United States Court of Appeals in the Indian Territory is a judicial question which has already been decided by the court after full argument, and the only purpose which the relator seeks to accomplish by this writ is to obtain a review of that decision by this court, and its direction to the court below to reverse the judicial decision already rendered. The writ of mandamus may not be made to perform the office of an appeal or of a writ of error to review the action of a court in the lawful exercise of

its jurisdiction, nor can it issue to command a court or an officer to decide a judicial question in a particular way; much less may it be invoked to direct such a court or officer to reverse a decision of a judicial question which has already been rendered." 85 Fed. 177, 29 C. C. A. 80.

In the case of Kimberlin v. Commission to Five Civilized Tribes, 104 Fed. 653, 44 C. C. A. 109, a mandamus was sought to compel the commission to the five civilized tribes to admit an Indian to citizenship. This court said:

"The writ of mandamus issues to compel the performance of a plain duty imposed by law. Where that duty is the exercise of judgment or discretion by an officer in the decision of a question of law or fact, or both, it may issue to compel a decision, but it may not command him in what particular way that decision shall be rendered. When a question has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision, or to compel another. It may issue to command judicial officers to hear and to decide a question within their jurisdiction, but courts have no power by writ of mandamus to direct such officers how they shall decide such a question, or in whose favor they shall render their judgment, because such action would result in the substitution of the judgment and opinion of the commanding court for that of the judicial officers to whose judgment and discretion the law intrusted the decision of the issue. For the same reason, it cannot be invoked to compel a court or a judicial officer to reverse a decision already rendered, to correct an erroneous conclusion, or to render another decision, even though there may be no other method provided by the law for the review or correction of the error."

These authorities seem to be conclusive of the question presented by the petition for a writ of mandamus. Many decisions of the Supreme Court of the United States and of other courts illustrative of the propositions which have been quoted are cited in the opinions from which the extracts have been read. In the case at bar the court below considered the law and the facts, and determined judicially whether or not the defendants should be punished for contempt. It decided that the defendants were not guilty. The question whether or not this decision was right is reviewable by appeal. A decision to that effect may be found in the opinion of this court at the last term in Enoch Morgan's Sons Co. v. Gibson (C. C. A.) 122 Fed. 420. An order refusing to punish for contempt was there reviewed upon its merits and sustained. The petition for mandamus must therefore be dismissed, and it is so ordered.

The next question to which attention will be directed is the motion to dismiss the appeal. An appeal was originally taken from a decree of the Circuit Court to the effect that the defendants infringed, by the use of the McSherry old structure, and that, so far as that structure was concerned, the complainant was entitled to an injunction against the defendants, their agents and employés, to an accounting, and to the production of the books of account and other papers of the defendants necessary to the taking of the account. In addition to these provisions, the decree appointed one Hitchcock for the purpose of taking the account, but the copy of the decree which was presented to the Circuit Court of Appeals did not contain the provision appointing Mr. Hitchcock. That copy, however, did provide that the defendants should account, and this provision clearly indicated that the decree presented for review was not a final decree. A final

decree is one which leaves nothing to be done by the court below upon its affirmance, except to execute the decree and enforce its provisions. The decree from which the appeal was originally taken to this court was not a final decree. The transcript presented to this court disclosed the fact that it was merely an interlocutory decree. That decree allowed an injunction, and for that reason the defendants had a right to review it by appeal, and this court had jurisdiction to consider and determine upon that appeal what kind of a decree ought to be rendered. The complainant had no right to maintain a cross-appeal, because no injunction was granted against it, and the decree was not final. Nevertheless the decision of this court was not rendered without jurisdiction, and the case stands now under the mandate of this court to the Circuit Court, which has been embodied in a subsequent decree. The modification enjoined the defendants from the use of another structure in addition to that specified in the original decree, but there has been no accounting; and notwithstanding this modification the decree is still an interlocutory one, and is not reviewable on appeal of the complainant because it is in its favor. The defendants have taken the appeal, but they cannot sustain it because the decree from which the appeal is taken is a mere execution of the mandate of this court, and consequently not again reviewable. For this reason the appeal must be dismissed, and it is so ordered.

The third motion is an application for leave to file a supplementary transcript. As the appeal has been dismissed, this motion has lost its function, and it must be denied.

The last motion to be considered is a motion for a special mandate to the court below directing it to interpret the former mandate of this court to be a direction to that court to enter a final decree. For the reasons which have already been stated, this motion cannot be granted. The original decree was an interlocutory decree. That decree was modified pursuant to the mandate of this court so that it should restrain the defendants from using another structure, and should require them to account for rents, profits, and damages, and the modified decree is still an interlocutory decree. The court below has properly interpreted the mandate of this court, and has entered a decree for an injunction and an accounting. The motion to direct that court to transform its decree into a final one, and thus to deprive the complainant of its right to an accounting, cannot be sustained, and it is denied.