BARBER ASPHALT PAV. CO. v. MORRIS, Judge.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1904.)

No. 46.

**1. Abatement—Another Action Pending—State and Federal Courts.**

The pendency in a state court of a prior action between the same parties for the same cause furnishes no ground for an abatement or for a stay of proceedings in a subsequent action brought by the same plaintiff in a federal court, where no conflict arises between the courts over the custody or dominion of specific property.

Wherever, however, one of the courts secures by proper process the custody or dominion of specific property which it is one of the objects of the suit in the other court to subject to its judgment or decree, the latter action should not be dismissed, but it should be stayed until the proceedings in the court which first obtained jurisdiction of the property are concluded, or ample time for their termination has elapsed.

**2. Federal Courts—Exclusive Jurisdiction of State Courts.**

The jurisdiction of the federal courts may not be limited or impaired by state legislation which confers exclusive jurisdiction of litigation upon state courts or prescribes exclusive methods of invoking that jurisdiction.

Wherever the citizens of a state may secure a trial of their controversies by its courts of general jurisdiction either by original process, or by appeal, or by other proceedings, the citizens of different states may obtain the trial of like controversies between them by some appropriate action in the federal courts.

**3. Same—Federal Jurisdiction not Affected by City Charter.**

Section 80 of the charter of Duluth, which provides for appeals from the allowance or rejection of claims against that city to the district court of St. Louis county, Minn., and prohibits the payment of such claims while such appeals are there pending, does not restrict the jurisdiction of the federal courts over claims of citizens of other states, or the power of those courts to enforce their judgments upon such claims, and actions by original process in the federal courts may be maintained in controversies over such claims without presenting them to the city council.

**4. Mandamus—Circuit Courts of Appeals—Power to Issue.**

The United States Circuit Courts of Appeals have jurisdiction to issue writs of mandamus in the exercise of, and in aid of their appellate jurisdiction.

**5. Same—Test of Appellate Jurisdiction.**

The test of appellate jurisdiction in the exercise and aid of which the Courts of Appeals may issue writs of mandamus is the existence of that jurisdiction, not its prior invocation. It is the existence of a right to review by a challenge of the final decisions or otherwise in the cases or proceedings to which the applications for the writs relate, and not the prior exercise of that right by appeal or by writ of error.

**6. Same.**

Appeals from the allowance by the city council of Duluth of the claims of a citizen of the state of West Virginia were taken by the city to the district court of St. Louis county, Minn., and the charter of the city prohibited its officers from paying the claims pending the appeals except upon the order of that court. Thereupon the petitioner sued the city upon its claims in the federal court. The judge who was holding that court stayed all proceedings in the case pending in it until the final determination of the appeals in the state court.

*Held,* this was error, remediless otherwise than by the writ of mandamus. The Court of Appeals has jurisdiction to issue its writ of mandamus, and to command the judge holding the Circuit Court to vacate the

¶ 1. See Abatement and Revival, vol. 1, Cent. Dig. § 87.

132 F.—60

stay, and to proceed with all convenient speed to try and adjudicate the controversy and to enforce the judgment upon it. Writ accordingly issued.

(Syllabus by the Court.)

## On Petition for Writ of Mandamus.

The Barber Asphalt Paving Company, a corporation of the state of West Virginia, presents its petition to this court for a writ of mandamus to induce the Honorable Page Morris, District Judge holding the Circuit Court for the District of Minnesota, to proceed to the trial and determination of an action at law against the city of Duluth which the petitioner commenced in that court on May 31, 1904. In response to the order to show cause why the mandamus should not be issued the respondent has filed an answer, and by the petition and answer these facts are admitted: In May, 1902, the Barber Company entered into a contract with the city of Duluth to pave one of its streets for the sum of $54,760. Section 80 of the charter of that city provides that the city attorney may, and upon the request of seven taxpayers he must, appeal from the allowance by its common council of any claim exceeding $25, except the claims of employés or officers for wages or salary, to the district court of St. Louis county, which shall thereupon have jurisdiction of the parties and of the subject-matter, and that thereafter no order shall be issued for the payment of any part of the claim thus challenged until a certified copy of the judgment of the district court is filed with the city clerk. The Barber Company paved the street. On August 3, 1903, the mayor and common council of the city ordered the payment to that company of $25,500 on account of labor and material furnished by it under its contract, and the city attorney, at the request of seven taxpayers, appealed from this allowance to the district court of St. Louis county, where this appeal is pending. On October 8, 1903, the mayor and council of the city allowed and ordered the payment to the Barber Company of $8,189 on the same account, and at the request of the same taxpayers the city attorney appealed from this allowance to the same court, where this appeal is also pending. The city charter provides that these appeals shall be placed upon the calendar of the court for trial, that the court may require pleadings, that issues of law shall be summarily heard, and that issues of fact shall be tried as other issues of that character are heard in that court. Orders for pleadings and trials have been made in these appeals, but the Barber Company appeared specially in both and challenged the jurisdiction of the court, and in one failed to plead farther when its objections were overruled. In May, 1903, before the allowance of these appeals, certain taxpayers of the city of Duluth, some of whom subsequently instigated these appeals, brought a suit against that city and the Barber Company in the district court of St. Louis county to enjoin the city from paying anything to the petitioner on account of the work and material furnished by it under its contract. That suit was tried upon its merits, and in May, 1904, that court decided that the complainants were entitled to no relief, but stated in a memorandum filed with the decision that, if they had been diligent, they would have been entitled to an injunction, since, in the opinion of the court, the contract was invalid because there was not a sufficient amount in the permanent revolving fund at the time it was let to warrant its existence. In this state of the case the petitioner brought an action in the United States Circuit Court for the District of Minnesota against the city of Duluth on May 31, 1904, for the sum of $38,316.14, which it alleged was due to it under its contract, and a portion of which had been allowed by the city council and was challenged by the appeals. The city moved the court to stay all proceedings in that action until the trial and final determination of the proceedings pending in the state court, and on July 26, 1904, Judge Morris made an order of the court that all proceedings in that action should be stayed until the final determination of the two appeals pending in the district court of St. Louis county.

Carl Taylor (Jared How, on the brief), for petitioner.

Bert Fesler, for respondent.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The order which the petitioner challenges stays its action in the Circuit Court of the United States until the questions which that action presents shall have been finally determined by the courts of the state. That order is not reviewable by writ of error or by appeal, and the Barber Company applies to this court for its writ of mandamus to direct the judge holding the court below to proceed to the trial of its case.

The plaint of the petitioner is that by the order of the court below it is practically prohibited from a trial and decision by the national courts of a controversy over $38,316.14 between citizens of different states, which is pending in that court, and which involves nothing but the question of the existence and the amount of a simple contract debt. It is unnecessary to the determination of the issues now presented to consider or decide whether or not the district court of St. Louis county had acquired, by means of the appeals, jurisdiction of the subject-matter and of the parties to the action in the federal court when that court ordered all proceedings in the action before it stayed until the final determination of those appeals. If the state court had not acquired such jurisdiction, there was no reason for staying the cause in the federal court. If it had acquired jurisdiction, the order practically prohibits the trial of the controversy in the national courts, and remits its decision to the courts of the state, and the only reason urged in support of it is that the same controversy was pending in the district court of the state, that that court had jurisdiction of the subject-matter and of the parties, and that by the charter of the city its officers were forbidden to pay the claim of the petitioner until that court should so direct. It will accordingly be conceded—but it is not decided—that the district court of St. Louis county had acquired jurisdiction by means of the appeals of the parties to the action in the federal court and of the controversy there presented when that action was commenced, and before the order which enjoined its progress was made. It is also conceded for the purposes of this decision, although that question is not decided, that the petitioner might have removed the appeals to the federal court, and that the question here presented stands as though the Barber Company had first brought actions to collect its debt in the state court, and had afterwards brought one in the federal court to enforce the same obligation.

The question, then, is, would the pendency of such actions be, or was the pendency of the appeals, a sound reason for prohibiting the trial of the controversy between the petitioner and the city in the federal court until the state courts had finally decided the questions which it involves? The general rule upon this subject has been so clearly announced and so often affirmed by the Supreme Court and by this court that it is no longer open to debate or con-

sideration. It is that the pendency in a state court of an action brought by the plaintiff in a subsequent action between the same parties in the federal court, and which involves the same subject-matter, presents no bar and furnishes no ground for the abatement of the later action. Stanton v. Embrey, 93 U. S. 548, 554, 23 L. Ed. 983; Standley v. Roberts, 59 Fed. 836, 844, 8 C. C. A. 305, 314; Merritt v. Barge Co., 79 Fed. 228, 233, 24 C. C. A. 530, 535; Green v. Underwood, 86 Fed. 427, 429, 30 C. C. A. 162, 164; Hughes v. Green, 28 C. C. A. 537, 539, 84 Fed. 833, 835; Hubinger v. Central Trust Co., 36 C. C. A. 494, 496, 94 Fed. 788, 790; City of Ogden v. Weaver, 108 Fed. 564, 568, 47 C. C. A. 485, 492; B. & O. Ry. Co. v. Wabash R. Co., 57 C. C. A. 322, 324, 119 Fed. 678, 680; Ball v. Tompkins (C. C.) 41 Fed. 486, 490. But where one of the courts has secured possession or dominion of specific property by proper process, the suit in the co-ordinate jurisdiction to affect the same property should not be dismissed, but before a seizure of the property is made therein it should be stayed until the proceedings in the court which first obtained jurisdiction of the property are concluded, or ample time for their termination has elapsed. Zimmerman v. So Relle, 80 Fed. 417, 420, 25 C. C. A. 518, 521; Gates v. Bucki, 53 Fed. 961, 965, 4 C. C. A. 116, 120.

The contention of counsel for the respondent is that the action in the federal court was properly stayed because by the charter of the city of Duluth the petitioner's claim is payable only out of the permanent revolving fund of the city, and the appeals to the state court have the effect to attach this fund, and to enjoin the officers of the city from paying it until the state court so directs. It does not, however, appear that the liability of the city to its contractor is in any way limited to the amounts which may at any time be found in its revolving fund, or that it is anything less than a direct contract liability. Barber Asphalt Paving Co. v. City of Denver, 72 Fed. 336, 340, 19 C. C. A. 139, 143; City of Denver v. Barber Asphalt Paving Co., 27 C. C. A. 677, 83 Fed. 1020; United States v. Saunders, 124 Fed. 124, 131, 59 C. C. A. 394, 401. Moreover, it is not true that the appeals place any attachment or fasten any lien upon the revolving fund of the city. If that fund is charged with any lien or trust in favor of the petitioner, it is not by virtue of the appeals or of the suits which they evidence, but by virtue of the existence of the indebtedness of the city which those appeals challenge.

Nor does the provision of the city charter which prohibits the officers of the city from paying the claim of the Barber Company pending the appeals without the order of the state court in any way restrict or impair the jurisdiction of the United States Circuit Court to proceed to the trial of the controversy before it, and to the enforcement of the judgment which it may render. The provisions of section 80 of the charter were not intended to limit or affect the jurisdiction of the federal court. They furnish a convenient and speedy method of securing the opinion of the state courts of the validity of claims against the city, and, while they provide in terms that, when appeals are taken from the allowance of such claims,

they shall be paid only upon the order of the appellate court, they do not exclude original suits or the enforcement of judgments upon them by the usual processes even in the state courts (Murphy v. County Commissioners, 14 Minn. 67 [Gil. 51]), much less in the courts of the United States. Nor would this prohibition of the charter have had the effect to restrict the power of the federal courts if such had been the intention of the Legislature of the state. The jurisdiction of the federal courts is granted to them by the Constitution and laws of the United States, and no state legislation may impair, restrict, or destroy it. Wherever the citizens of a state may secure a trial and decision of their controversies in its courts either by original suits, by appeals, or by other proceedings, citizens of different states have the right to the determination by the courts of the United States of like controversies between them which involve the requisite amounts; and no state, by conferring exclusive jurisdiction of such controversies upon its own courts, by prescribing exclusive methods of commencing litigation, by prohibiting the payment of claims save upon the order of its own courts or by any other means, may strike down that right or take away the plenary power of the national courts to enforce their lawful adjudications. Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433, 434 [U. S. Comp. St. 1901, p. 508]; Davis v. Gray, 16 Wall. 203, 221, 21 L. Ed. 447; Ex parte McNeil, 13 Wall. 236, 20 L. Ed. 624; Cowley v. Railroad Co., 159 U. S. 569, 583, 16 Sup. Ct. 127, 40 L. Ed. 263; Cummings v. Bank, 101 U. S. 153, 157, 25 L. Ed. 903; Gaines v. Fuentes, 92 U. S. 10, 20, 23 L. Ed. 524; Railway Co. v. Whitton, 13 Wall. 270, 278, 287, 20 L. Ed. 571; Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Gormley v. Clark, 134 U. S. 338, 348, 10 Sup. Ct. 554, 33 L. Ed. 909; Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 14, 23 C. C. A. 609, 616; Richardson v. Green, 9 C. C. A. 565, 571, 578, 61 Fed. 423, 429, 435; National Surety Co. v. State Bank of Humboldt, 120 Fed. 593, 56 C. C. A. 657; Sawyer v. White, 122 Fed. 223, 227, 58 C. C. A. 587, 591. The provision of the city charter that, after the claims of the petitioner were challenged by appeals to the state court, they should never be paid by the officers of the city without the order of that court, was ineffective to deprive the court below of the power in a proper case before it to order those claims to be paid, or to relieve the officers of the city from the duty to obey such an order. Mercer County v. Cowles, 7 Wall. 118, 119, 19 L. Ed. 87; Chicot County v. Sherwood, 148 U. S. 529, 533, 534, 13 Sup. Ct. 695, 37 L. Ed. 546; Thompson v. Searcy County, 57 Fed. 1030, 1037, 6 C. C. A. 674, 680; Hess v. Reynolds, 113 U. S. 73, 77, 78, 5 Sup. Ct. 377, 28 L. Ed. 927; Clark v. Bever, 139 U. S. 96, 103, 11 Sup. Ct. 468, 35 L. Ed. 88; Union Bank v. Vaiden, 18 How. 503, 15 L. Ed. 472; Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440, 36 L. Ed. 130; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867; Security Trust Co. v. Black River National Bank, 187 U. S. 211, 227, 23 Sup. Ct. 52, 47 L. Ed. 147; Barrow Steamship Co. v. Kane, 170 U. S. 100, 111, 18 Sup. Ct. 526, 42 L. Ed. 964; In re Stutsman County, N. D. (C. C.) 88 Fed. 337, 340, 343. Thus the laws of the states relative to

the administration and settlement of decedents' estates generally expressly limit the right to establish demands against such estates to proceedings in the probate courts of the states. But a creditor of another state may nevertheless establish his claim in an action against the personal representative of the deceased in the proper federal court without first presenting it to the probate court. Security Trust Co. v. Black River National Bank, 187 U. S. 227, 23 Sup. Ct. 52, 47 L. Ed. 147, and cases there cited.

By the law of their organization, counties in Illinois were exempt from suit elsewhere than in the circuit courts of the county. But a suit by a citizen of another state against such a county in the federal court was sustained, and Chief Justice Chase said:

"The power to contract with citizens of other states implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by the Constitution." Mercer County v. Cowles, 7 Wall. 122, 19 L. Ed. 87.

The Legislature of the state of Arkansas provided that no suit or proceeding against a county in that state should be maintained in any court otherwise than by a presentation of a verified claim to the county court for allowance or rejection, that the defeated party might appeal from the decision of that court to the state court of general jurisdiction, where the case should be tried in the usual course, but that in the absence of the presentation of a verified claim to the county court no case against or controversy with a county could arise of which any court, state or federal, could take cognizance or jurisdiction. Citizens of New York brought an action against a county of the state of Arkansas in the federal court by original process without presenting any claim to the county court. The Supreme Court sustained the action, and said:

"Any other view of the subject would prevent citizens of other states from resorting to the federal courts for the enforcement of their claims against counties of the state, and limit them to the special mode of relief prescribed by the act of February 27, 1879 [St. Ark. 1903, c. 32, §§ 810–812]. The jurisdiction of the federal courts is not to be defeated by such state legislation as this. In Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874, it is said: 'But this court has repeatedly decided that the jurisdiction of the courts of the Unitel States over controversies between citizens of different states cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power. In many cases state laws form a rule of decision for the courts of the United States, and the forms of proceeding in these courts have been assimilated to those of the states, either by legislative enactment or by their own rules. But the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction. Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357; Union Bank v. Vaiden, 18 How. 503, 15 L. Ed. 472.' This principle has been steadily adhered to by this court." Chicot County v. Sherwood, 148 U. S. 529, 533, 534, 13 Sup. Ct. 695, 37 L. Ed. 546.

These principles and authorities render the following conclusions unavoidable: The petitioner's right of action in the Circuit Court to recover the debt which it alleges to be due to it from the city was not conditioned by its presentation of its claim to the city council, or by any of the other requirements of the charter of the city of

Duluth relative to the method of its enforcement. The action upon it was cognizable by original process in the Circuit Court of the United States. There was nothing in the charter of the city which deprived that court of the power or relieved it of the duty to proceed with all convenient speed to the trial of the controversy between citizens of different states which the petitioner presented to it, to a judgment upon that controversy, and to the enforcement of that judgment by the usual processes of the court. This, then, was the situation when the order which stayed the action in the Circuit Court until all the questions in it should have been finally determined by the state courts was made. The suit of the taxpayers for an injunction against the payment of the claim of the petitioner had been decided in its favor, and that proceeding constituted no reason to delay the Barber Company's collection of its demand. The appeals from the allowance of its claim and the action upon it in the federal court presented no existing or prospective conflict of jurisdiction between the state court and the federal court over any specific property. They involved no lien, no attachment, no injunction or prohibition which could have any effect upon the power of the federal court to hear and adjudge the controversy before it and to redress the wrongs of the parties to it. The appeals and the action in the Circuit Court involved nothing but the single question, how much is the city of Duluth indebted to the Barber Asphalt Paving Company? The case, therefore, fell clearly under the first rule relative to the pendency of actions for the same cause in courts of concurrent jurisdiction, and the appeals present no ground for the abatement of the action in the United States Circuit Court.

It is, however, earnestly argued that the order of the court below constituted neither a bar nor an abatement of the action before it, but that it was a mere discretionary order staying proceedings for a definite time, and hence not subject to challenge upon an application for a writ of mandamus. The answer is that it stayed proceedings until they would in all probability be futile, until the petitioner would probably be estopped by the final judgments of other courts from any hearing or trial of its controversy upon the merits in the courts of the nation. Insurance Co. v. Harris, 97 U. S. 331, 336, 338, 24 L. Ed. 959. The reason for the rule that the pendency of an action in a state court is no bar and furnishes no ground for the abatement of another action for the same cause between citizens of different states in the federal court is that the latter court has concurrent jurisdiction of such controversies with the courts of the state, and that citizens of different states have the constitutional right to the independent opinion and judgment of the judges of the national courts upon the questions presented by their controversies at least until those questions have become res adjudicata by the judgments of other competent courts. Orders that such citizens shall secure no such opinions until they are conclusively estopped from obtaining them by the final judgments of other courts upon their controversies as effectually deprive them of their rights to adjudications in the national courts as judgments sustaining pleas in bar or in abatement. Nay, they deprive them of those rights more effectually, because such judgments are reviewable by appeal or by

writ of error, while such stays may not be so challenged. The power is granted to the judges of the Circuit Court and the duty is imposed upon them by the Constitution and the acts of Congress to form and express their independent opinions upon controversies between citizens of different states over which the jurisdiction of their courts is properly invoked. However grateful to them and courteous to others it would be in cases of concurrent jurisdiction to await the opinions of the respected and able jurists who adorn the benches of the courts of the states, and then to be bound by their decisions, that power may not be lawfully abdicated, nor may that duty be legally renounced, by the judges of the federal courts. The order staying the proceedings in the action in the Circuit Court until the final determination of the appeals in the state courts is violative of these principles, is calculated to deprive the petitioner of its right to the independent decision of the federal court upon the questions involved in its controversy, and it cannot be sustained.

But it is said that the error may not be corrected by the writ of mandamus, and we turn to the consideration of that question. Section 12 of the act of March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 553], provides that "the Circuit Courts of Appeals shall have the power specified in section 716 of the Revised Statutes of the United States." Section 716 [U. S. Comp. St. 1901, p. 580] provides that "the Supreme Court and the Circuit and District Courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law." Writs of mandamus are among those "not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions" within the meaning of this section. Bath County v. Amy, 13 Wall. 244, 249, 20 L. Ed. 539; Kendall v. United States, 12 Pet. 622, 9 L. Ed. 1181. The power to issue writs of mandamus was granted to the Supreme Court by section 688 of the Revised Statutes, but the limit of the power of that court and of this is the same. Each court has jurisdiction to issue the writ to a subordinate court or judge in the exercise of and in aid of its appellate jurisdiction. It is without power to issue it in a case which is not reviewable in that court by appeal or writ of error challenging its final decision, or otherwise, or to issue it to create a case for the exercise of its appellate jurisdiction.

In United States v. Judges of the United States Court of Appeals of the Indian Territory, 85 Fed. 177, 179, 29 C. C. A. 78, 80, this court, in discussing the limits of its power to issue this writ, declared that it was without authority to do so unless the right of appeal had been actually exercised, and the case to which the writ related was pending in this court on appeal or writ of error. It is now insisted by counsel for respondent, upon the authority of that decision, that no writ can issue in this case, because no writ of error is pending to review the action in the court below. The argument is unanswerable if the limits of the jurisdiction of this court were correctly drawn in our former opinion. Expressions of the Supreme Court may be found in the cases cited in that opinion broad enough to sustain the view there

taken. In McClung v. Silliman, 6 Wheat. 598, 600, 5 L. Ed. 340, it is said that "the fourteenth section of the act under consideration [Act Sept. 24, 1789, c. 20, 1 Stat. 81] (now section 716, Revised Statutes [U. S. Comp. St. 1901, p. 580]) could only have been intended to vest the power * * * in cases where the jurisdiction already exists, and not where it is to be created or acquired by means of the writ proposed to be sued out." And in Bath County v. Amy, 13 Wall. 244, 249, 20 L. Ed. 539, the Supreme Court said: "The writ cannot be used to confer a jurisdiction which the Circuit Court would not have without it. It is authorized only when ancillary to a jurisdiction already acquired." These declarations, however, were made not only in cases in which no appellate jurisdiction had been actully invoked, but in cases in which the courts to which the applications for the writs of mandamus were made had no appellate jurisdiction which ever could be invoked. The former case arose on an application for a writ of mandamus to compel the register of a land office to issue certain documents to a pre-emptor, and the latter upon an application to compel the officers of a county to levy a tax to pay bonds upon which no suit had ever been commenced.

There is no dissent among courts or lawyers from the proposition that the national courts may issue the writ either in the exercise of or in aid of their appellate jurisdiction. The only question here is whether they may issue it in aid of that jurisdiction whenever it exists, or only when it has been actually invoked by a writ of error or by an appeal. This question has now been ably and exhaustively argued by counsel for the respective parties to this application. All the authorities upon it appear to have been called to our attention, and it has again received the thoughtful and deliberate consideration of the court in the light of the numerous decisions which have been cited. It is obvious that the primary reason for the grant to the federal appellate courts of the dominant power to issue their writs of mandamus to the inferior courts in the exercise of and in aid of their appellate jurisdiction was to enable them to protect that jurisdiction against possible evasions of it. It is not less evident that the grant must in many, nay, in most, cases, fail to accomplish its chief end if the power to issue the writ can be exercised only after the appellate jurisdiction has been actually invoked by an appeal or by a writ of error. Under the acts of Congress the proceedings in every suit in the Circuit Court of the United States are now reviewable either in the Supreme Court or in the Circuit Court of Appeals. The moment such a suit is commenced, the appellate jurisdiction over it exists, the power and the right to ultimately review the proceedings in it are vested in one of the appellate courts. But in the great majority of cases it is only by an appeal or by a writ of error which challenges the final decision in the case that any of the proceedings in it may be reviewed. The opportunities for subordinate courts to evade the jurisdiction of the appellate courts, to prevent the exercise of this jurisdiction, and to destroy or make ineffectual the right of the unsuccessful party to review their rulings by failures to settle bills of exceptions, by unreasonable delays, by stays of proceedings, and by direct and indirect refusals to proceed to final judgments and to their enforcement are far more numerous before the writs

of error or the appeals can be taken than they can be thereafter. Few, indeed, are the cases in which appellate jurisdiction is disregarded after the right to it has been actually exercised. But many cases arise in which the acts or orders of the inferior courts, unless corrected by the writ of mandamus, prevent the exercise of appellate jurisdiction and destroy its effect before any final decision which may be challenged by appeal or writ of error has been reached.

Thus, in Livingston v. Dorgenois, 7 Cranch, 576, 588, 3 L. Ed. 444, an action which was reviewable by the Supreme Court by a writ of error to challenge the final judgment which should be rendered in it, but which had been indefinitely stayed by an order of the court below before judgment was rendered, the plaintiff in error dismissed his ineffective writ of error which had been issued to challenge the stay, and the Supreme Court awarded its writ of mandamus nisi in the nature of a procedendo.

In Ex parte Bradstreet, 7 Pet. 634, 644, 8 L. Ed. 810, the District Court, upon whose final judgment upon the merits the cases in question were then reviewable in the Supreme Court, erroneously refused to receive certain evidence essential to establish its jurisdiction, dismissed the actions, and refused to make records of the orders and judgments so that the plaintiffs might bring the cases before the Supreme Court by writs of error. No writs of error had been procured, no appeals had been taken; yet the Supreme Court issued a writ of mandamus to the District Judge, and commanded him to reinstate the cases and to proceed to try and adjudicate them.

In New York Life & Fire Ins. Co. v. Wilson, 8 Pet. 291, 303, 8 L. Ed. 949, the District Judge refused to sign a final judgment which had been made by his predecessor in office, and without which no appeal or writ of error would lie and no execution could issue. The Supreme Court issued its writ of mandamus, and directed him to sign the judgment, although the appellate jurisdiction of that court had been invoked in no other way than by the motion for the mandamus.

In Ex parte Roberts, 15 Wall. 384, 386, 21 L. Ed. 131, the Court of Claims refused to entertain and decide a motion for a new trial under the erroneous impression that an allowance of an appeal which had been revoked had deprived it of jurisdiction, and the Supreme Court commanded it by its writ of mandamus to hear, entertain, and decide the motion.

In Insurance Co. v. Comstock, 16 Wall. 258, 270, 21 L. Ed. 493, the Circuit Court erroneously dismissed an appeal from the District Court upon the ground that it was without jurisdiction to hear it. The Supreme Court held that a writ of error which had been sued out would not lie to review this judgment of dismissal, but that it had plenary power to issue the writ of mandamus to the court below to require it to reinstate the appeal and to proceed to try and adjudge the issues it presented.

In Virginia v. Rives, 100 U. S. 313, 316, 323, 327, 329, 25 L. Ed. 667, the Circuit Court had erroneously taken jurisdiction by removal

from the state court of criminal prosecutions and the custody of the accused. The Supreme Court issued its writ of mandamus, and therein directed the judge of the court below to remand the prisoners to the custody of the state officers, although its appellate jurisdiction had been invoked by the application for the writ alone.

In the case of the United States, Petitioner, 194 U. S. 194, 24 Sup. Ct. 629, 48 L. Ed. 931, the district judge had refused to direct the clerk of the district court to file the necessary papers to make a record which would be reviewable by writ of error in the Supreme Court, and that court held that the petitioner was entitled to its writ of mandamus to compel him to do so.

The reasons and decisions to which we have now adverted have impelled our minds with irresistible force to the conclusion that the true test of the appellate jurisdiction in the exercise or in the aid of which the Circuit Courts of Appeals may issue the writ of mandamus is the existence of that jurisdiction, and not its prior invocation; that it is the existence of a right to review by a challenge of the final decisions, or otherwise, of the cases or proceedings to which the applications for the writs relate, and not the prior exercise of that right by appeal or by writ of error; and that the power of those courts to issue the writ is not restricted as was stated in United States v. Judges of the United States Court of Appeals of the Indian Territory, 85 Fed. 177, 29 C. C. A. 78, to cases in which their jurisdiction has already been invoked by other proceedings. All the other authorities sustain this rule, those to which reference has already been made where the writ was issued although appellate jurisdiction had not been otherwise successfully invoked, as well as those which are now to be cited, many of which are relied upon by counsel for respondent, and in which the courts to which the applications were made had no present or prospective right to review the cases to which the applications related, and in which the applications for the writs of mandamus were accordingly denied. Marbury v. Madison, 1 Cranch, 137, 175, 2 L. Ed. 60; McIntire v. Wood, 7 Cranch, 504, 3 L. Ed. 420; Kendall v. United States, 12 Pet. 524, 9 L. Ed. 1181; Ex parte Hoyt, 13 Pet. 279, 10 L. Ed. 161; Riggs v. Johnson County, 6 Wall. 166, 197, 198, 18 L. Ed. 768; Ex parte Christy, 3 How. 296, 332, 11 L. Ed. 603; Ex parte Gordon, 1 Black, 503, 505, 17 L. Ed. 134; Ex parte Perry, 102 U. S. 183, 26 L. Ed. 43; In re Green, 141 U. S. 325, 12 Sup. Ct. 11, 35 L. Ed. 765; United States v. Severens, 71 Fed. 768, 18 C. C. A. 314. The case under consideration is of the former class. The action in the Circuit Court to which the application of the petitioner relates is within the appellate jurisdiction of this court. It may be reviewed here by a writ of error to reverse any final judgment that may be rendered in it. The order which stays that action until the final determination by the state courts of the questions it involves prevents both the independent adjudication of those questions by the United States Circuit Court and the review of that adjudication by this court, and thus destroys, or greatly impairs, the appellate jurisdiction of this

court in that case. The very purpose of the grant to this court of the power to issue the writ of mandamus was to enable it to protect and maintain this jurisdiction, and that grant not only conferred the power, but it necessarily imposed upon this court the duty to issue its writ of mandamus to impel the court below to proceed with all convenient speed to the trial and adjudication of the controversy between citizens of different states in which its jurisdiction has been invoked to the end that the appellate jurisdiction of this court over its action may be seasonably and effectually exercised.

Finally, it is insisted that the writ of mandamus should not issue in this case because that writ may not be used to compel a subordinate court to reverse or revise its decision of a question properly submitted for its consideration in the progress of a case before it, or to direct it how to decide or by what rules to proceed. Ex parte Whitney, 13 Pet. 404, 10 L. Ed. 221; Ex parte Bradstreet, 8 Pet. 588, 8 L. Ed. 1054; Barrow v. Hill, 13 How. 54, 14 L. Ed. 48. It is undoubtedly the general rule that a court has no power by writ of mandamus to compel a subordinate judicial officer to reverse a conclusion already reached, to correct an erroneous decision, or to direct him in what particular way he shall proceed or shall decide a specified question. But it is equally a part of this general rule that the court always has the power by means of such a writ to compel such an officer to proceed to try and decide a controversy within his jurisdiction, or to perform any other plain duty imposed by law. Kimberlin v. Commission to Five Civilized Tribes, 104 Fed. 653, 655, 44 C. C. A. 109, 111; Minnesota Moline Plow Co. v. Dowagiac Mfg. Co., 126 Fed. 746, 61 C. C. A. 352. The power to compel such an officer to proceed to the trial and determination of a case which it is his duty to hear and decide necessarily includes within it the power to compel him to reverse and set aside any erroneous decision he may have made to the effect that he will not proceed to such a trial and judgment. Livingston v. Dorgenois, 7 Cranch, 576, 588, 3 L. Ed. 444; Ex parte Bradstreet, 7 Pet. 634, 649, 8 L. Ed. 810; New York Life & Fire Ins. Co. v. Wilson, 8 Pet. 291, 303, 8 L. Ed. 949; Ex parte Roberts, 15 Wall. 384, 386, 21 L. Ed. 131; Ins. Co. v. Comstock, 16 Wall. 258, 270, 21 L. Ed. 493.

The petitioner invoked the jurisdiction of the United States Circuit Court in an action in personam to determine the simple question, debt or no debt, between him and a citizen of another state. Actions for the same cause between the same parties were pending in the state court. It was the duty of the judge who held the Circuit Court to proceed with convenient speed to try, and by means of the exercise of his own independent judgment to adjudicate, the petitioner's controversy. He stayed all proceedings in the cause before him until that controversy should be finally determined by the courts of the state. This stay deprived the petitioner of its right to the independent judgment of the national courts upon the merits of its action, and destroys the jurisdiction of this court to review the adjudication which may be made upon it in the

court below. Against this error the petitioner is remediless save by means of the writ of mandamus of this court. The power is conferred and the duty is imposed upon this court by the acts of Congress to issue the writ and to command the judge holding the Circuit Court for the District of Minnesota to set aside and vacate the order which stays proceedings in that court in the case of the Barber Asphalt Paving Company against the city of Duluth, and to proceed with all convenient speed to a trial, a judgment, and a just enforcement of the judgment which may be rendered in that action.

Let a writ of mandamus issue accordingly.